Case 1:10-cv-03332-KMW-MHD   Document 30   Filed 08/27/10   Page 1 of 6

From: Max Folkenflik     Fax: (212) 757-2010     To: Honorable Kimba M. Wc Fax: +1 (212) 805-7900     Page 2 of 16 8/16/2010 1:16 of 6

**MEMO ENDORSED**

# FOLKENFLIK & McGERITY
### ATTORNEYS AT LAW
1500 BROADWAY
NEW YORK, NEW YORK 10036

TELEPHONE: 212-757-0400
FAX: 212-757-2010

WRITER'S E-MAIL: MAX@FMLAW.NET

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/27/10
```

August 16, 2010

**VIA FACSIMILE 212-805-7900**

The Honorable Kimba M. Wood
United States District Judge
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, New York 10007

   Re:  *Sutherland v. Ernst & Young LLP (10 cv 3332)(KMW)*
        *Mansberger v. Ernst & Young LLP, et al. (Case No. 10-CV-3883 (JSR))*

Dear Judge Wood:

   I am writing to request guidance on the issue of how this case is to proceed prior to a decision on Defendant's motion to dismiss and compel arbitration. Because no stay is in effect, and for the reasons set forth below, I do not believe that Defendant can show a substantial probability of success on the merits, I believe that the case should proceed in accordance with your Honor's existing time table. I have spoken to Joel Cohn, counsel for Defendant, who believes that no further discovery or motion proceedings (such as our motion to conditionally certify a collective group under the Fair Labor Standards Act, ("FLSA")) should occur until the arbitration motion is decided. I believe the issue is best resolved promptly, and therefore request a ruling or a conference with the Court to address it. The E&Y Common Ground Dispute Resolution Program (the "Arbitration Agreement") is annexed to Mr. Nash's letter to the Court dated August 3, but for the Court's convenience, a copy is also attached to this letter.

   I have advised the Court that I will likely move shortly for conditional certification of the FLSA collective group. In light of discovery, including discovery taken after our last Court appearance, I believe that Defendant does not have a good faith basis to oppose that motion and have asked Defendant to consider stipulating to conditional certification. Defendant counsel has stated that they are considering the matter. Absent a stipulation, a motion will be quickly filed. Since notice to the collective group under Section 216(b) is necessary to enable group members to "opt-in" to the action and the statute limitations may not toll until a consent to sue has been filed, *Grayson v.*

FOLKENFLIK & McGERITY

Honorable Kimba M. Wood
August 16, 2010
Page 2

*K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. Ga. 1996), delay in that process presents a serious risk of prejudice to members of the collective group.

There are several reasons why Defendant's motion to dismiss based on the Arbitration Agreement is unlikely to be granted, each of which is an independently sufficient ground for denial of the motion to dismiss.

First, while there are cases where arbitration of statutory claims including FLSA claims have been ordered, the issue on this motion will be whether to compel arbitration where (a) the Arbitration Agreement expressly prohibits arbitration of more than one employee's claim in a single proceeding,[1] (b) as a result of the Supreme Court's decision in *Stolt-Nielsen S. A. v. Animal Feeds Int'l Corp.*, 130 S. Ct. 1758 (2010), that limitation cannot be stricken and class arbitration cannot be ordered, *Jock v. Sterling Jewelers, Inc.*, 2010 U.S. Dist. LEXIS 75064 (S.D.N.Y. July 26, 2010) (c) the "'right' to litigate an action in federal court as a class action under Rule 23" may be "a procedural right only," *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 554 F.3d 300, 312 (2d Cir. 2009), but the right to litigate a FLSA collective action results from an "explicit statutory direction of a single ... action for multiple ... plaintiffs."[2] *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 173 (1989).[3] As the Supreme Court has held: "Congress has stated its policy that ... plaintiffs [in actions where Section 216(b) applies] should have the opportunity to proceed collectively. A collective action allows ... plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." *Id.* at 170.

Employees cannot waive their rights to FLSA mandated benefits. As the Supreme Court held in *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728 (1981).

---

[1] Section IV.K. of the Arbitration Agreement provides in relevant part: "Covered Disputes pertaining to different Employees will be heard in separate proceedings."

[2] Section 216(b) of the FLSA provides in relevant part:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

[3] While *Hoffman-LaRoche* involved an action under the ADEA, that statute incorporated the provisions of Section 216(b) of the FLSA which applies in this case.

FOLKENFLIK & McGERITY

Honorable Kimba M. Wood
August 16, 2010
Page 3

> "The statutory enforcement scheme grants individual employees broad access to the courts. Section 16 (b) of the Act, 29 U. S. C. § 216 (b), which contains the principal enforcement provisions, permits an aggrieved employee to bring his statutory wage and hour claim "in any Federal or State court of competent jurisdiction." No exhaustion requirement or other procedural barriers are set up, and no other forum for enforcement of statutory rights is referred to or created by the statute. ...we have held that FLSA rights cannot be abridged by contract or otherwise waived because this would "nullify the purposes" of the statute and thwart the legislative policies it was designed to effectuate."

*Id.* at 740. *Accord, Rock v. Ray Anthony Int'l, LLC*, 2010 U.S. App. LEXIS 10775 (11th Cir. Fla. May 26, 2010)( "FLSA rights cannot be waived"); *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 290 (2d Cir. N.Y. 2008). "[T]he Supreme Court instructs that employees cannot waive the overtime protections granted them in the FLSA without nullifying the Act's purposes and setting aside the legislative goals it wanted effectuated."); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(employee "cannot waive his entitlement to FLSA benefits.").

Further, were "waiver" allowed, no such express waiver can be found in the Arbitration Agreement. Any implicit waiver, itself of doubtful validity even if waiver could be allowed, cannot be found from the agreement to arbitrate the employee's individual dispute, since arbitration and collective action in court can co-exist. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. at 745; *Tho Dinh Tran v. Dinh Truong Tran*, 54 F.3d 115, 118 (2d Cir. 1995). Accordingly, even were the Court to find a waiver of the right to proceed on the employee's individual claim in arbitration, that does not imply a waiver of the right to proceed on the collective action in Federal court.

If as a result of this analysis both individual arbitration and collective action in court could proceed, there is no requirement that the collective action be stayed or dismissed until the arbitration is concluded. *Tho Dinh Tran v. Dinh Truong Tran*, 54 F.3d 115, 118 (2d Cir. 1995)( "this Court hereby reverses the holding below of the district court as set forth in the latter's March 3, 1994, opinion 'that the plaintiff was required to exhaust his arbitral remedy prior to filing' his FLSA claims.").

Second, and a ground for barring the arbitration entirely, there is little doubt that in the expense of pursuing an individual arbitration is prohibitive and, therefore, the class action waiver is unenforceable under the Second Circuit's decision in *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants'*

FOLKENFLIK & McGERITY

Honorable Kimba M. Wood
August 16, 2010
Page 4

*Litig.)*, 554 F.3d 300 (2d Cir. 2009). Ms. Sutherland's overtime claim has not been calculated definitively by us, but I believe it to be less than $10,000. If there is anything Defendant has made clear to the Court it is Defendant's view that proof of the FLSA violation is complex and requires substantial and expensive discovery and testimony.

Under the discovery limitations in the Arbitration Agreement (3 depositions on each side) transcript costs alone would likely exceed the potential recovery. Add in expert fees, which are not shifted to the losing party under the Arbitration Agreement, attorneys fees, which are not shifted to the losing party absent exceptional circumstances, other expenses and costs, the legal expense of mandatory pre-arbitration mediation, not to mention the loss of work time and costs which would be entailed in Plaintiff's supervision of the litigation, document production, a probable deposition of the Plaintiff and a probable hearing, and it is clear that, to use the words of the Seventh Circuit, "only a lunatic or a fanatic" would incur such expenses and take those risks for the limited potential recovery. *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004).

Striking the class action waiver and ordering class arbitration is not an available remedy. Given the clarity of Defendant's rejection of class arbitration, in light of the holding of *Stolt-Nielsen S. A. v. Animal Feeds Int'l Corp.*, 130 S. Ct. 1758 (2010) barring class arbitration absent the Defendant's consent, the only way to vindicate the Congressionally mandated rights is by proceeding in this action rather than in arbitration.

Third, the Court should not carve out and refer to arbitration the state law claims, because the request for arbitration comes too late. Defendant has waived its right to arbitration of the state law claims by "participation in the lawsuit [in a manner which] manifests an affirmative acceptance of the judicial forum." *De Sapio v. Kohlmeyer*, 35 N.Y.2d 402, 405 (1974). The filing of an answer, without any assertion of an arbitration right, filing and litigation over the discovery and trial schedule, the successful application to have the *Mansberger* case transferred to this Court, litigation over having the *Mansberger* case and this case consolidated, stipulation to discovery from the *Ho* action in California being used in this case, obtaining an order requiring identification of Plaintiff's expert by August 15 and a schedule for discovery of that expert, litigation over the timing of the conditional certification of the FLSA class and the class certification motion, together "manifest an affirmative acceptance of the judicial forum." Indeed, from all that appears, Defendant only asserts its arbitration "right" after it lost on various procedural rulings and seemed at risk of losing on others.

FOLKENFLIK & M<sup>c</sup>GERITY

Honorable Kimba M. Wood
August 16, 2010
Page 5

Fourth, there is the issue of unconscionability of the class action/collective action waiver under Federal law, an issue left open by the Second Circuit in *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 554 F.3d at 304, as well as the issue of whether the Arbitration Agreement in this case is unconscionable under New York law.  There are cases finding unconscionability under the laws of certain states,[4] but the issue is not definitively resolved in New York, and were it to reach the Second Circuit it might well be referred to the New York Court of Appeals for a ruling pursuant to Second Circuit Local Rule Section 0.27.[5]

---

[4]   *See, e.g., Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1176 (9th Cir. Cal. 2003)(rebuttable presumption that arbitration clause in employment agreement baring class actions unconscionable under California law); *Gentry v. Superior Court*, 42 Cal. 4th 443, 466 (Cal. 2007) (if "class arbitration would be a significantly more effective means than individual arbitration actions of vindicating the right to overtime pay of the group of employees whose rights to such pay have been allegedly violated," than class action waiver is against public policy); *Skirchak v. Dynamics Research Corp.*, 508 F.3d 49 (1st Cir. Mass. 2007) (in case asserting FLSA claims, finding arbitration clause with class action waiver unconscionable under Massachusetts law).

[5]   *Tsadilas v. Providian Nat'l Bank*, 13 A.D.3d 190 (App. Div. 1st Dep't 2004) cited by Defendant was decided under New Hampshire law, not New York law.  There is an Appellate Division case holding that a class action waiver is not per se unconscionable under New York law. *Ranieri v. Bell Atl. Mobile*, 304 A.D.2d 353 (N.Y. App. Div. 1st Dep't 2003).  Whether the New York Court of Appeals would adopt that rule of law at this time is uncertain.  Certainly the strong trend in cases construing state law (both federal and state) is to find class action waivers unconscionable.

FOLKENFLIK & McGERITY

Honorable Kimba M. Wood
August 16, 2010
Page 6

      For all of these reasons, any one of which is a sufficient ground to deny the motion, Defendant faces a high hurdle indeed to succeed on its motion. As a result, I think that the most expeditious way to proceed it to continue with the case under the existing schedule. I fully expect that Defendant will disagree with these arguments, but in order to ensure they are fully addressed, and that Plaintiff has an opportunity to respond to Defendant's arguments, Defendant should address these issues in their opening memorandum.

      Respectfully,

      */s/ Max Folkenflik*

      Max Folkenflik

MF/vm
cc:  Gerald D. Wells, III, Esq. *(via e-mail w/ encl.)*
    Joel M. Cohn, Esq. *(via e-mail w/ encl.)*
    Estela Diaz, Esq. *(via e-mail w/ encl.)*
    Gregory W. Knopp, Esq. *(via e-mail w/ encl.)*
    Daniel Nash, Esq. *(via e-mail w/ encl.)*

*The Court declines to alter the existing schedule.*

SO ORDERED.  N.Y., N.Y.
8-26-10

/s/ Kimba M. Wood
U.S.D.J.