# Exhibit A

Case 1:10-cv-03332-KBF   Document 34-1   Filed 09/03/10   Page 2 of 8
Case 1:10-cv-03332-KMW-MHD   Document 29-4   Filed 08/20/10   Page 2 of 8

EY Common Ground Dispute Resolution Program                                    Page 1 of 7

🖨 PRINT THIS

**Policies and Practices Repository, United States**
*Employment Policies*
**EY Common Ground Dispute Resolution Program**

**≡ll ERNST & YOUNG**
**Policy & Practice Statement**
Ernst & Young LLP

| | |
|---|---|
| SCORE No. | AA7523 |
| Effective Date | 18-Jul-2007 |
| Supersedes | AA7521 |
| Distribution | US Personnel |
| Issue Date | 13-Jun-2007 |
| Issuer(s) | Kathryn A. Oberly |
| Issuing Function(s) | General Counsel's Office |

EY COMMON GROUND DISPUTE RESOLUTION PROGRAM

**I. Preamble**

The Common Ground Dispute Resolution Program, as outlined in this document (the "Program"), is intended to provide a fair, prompt, and cost-effective mechanism for resolving disputes. The Program is the sole method for resolving disputes within its coverage. It is not intended to limit or expand substantive rights that would otherwise be available under law.

**II. Coverage of Program**

A. *Entities and persons covered.*

> 1. "Firm" means Ernst & Young LLP and Ernst & Young US LLP, all of their subsidiaries and affiliates, and any successor entities (together, the "Entities"). It also includes all partners, principals, agents and employees of the Entities against whom a claim is asserted for acts arising out of their duties for an Entity.
>
> 2. "Employee" means an applicant for employment or an employee of the Firm who is bound by the terms and conditions of the Program, and anyone else who may assert a claim belonging to, obtained from, or on behalf of that person. A person remains an Employee for purposes of the Program even if the person is not, or is no longer, employed by the Firm, unless the person becomes a partner or principal in the Firm. (Partners and principals are covered by a different dispute resolution program.) ***An Employee indicates his or her agreement to the Program and is bound by its terms and conditions by beginning or continuing employment with the Firm after July 18, 2007*** (the "Effective Date").

> B. *Disputes covered.*
> 1. All claims, controversies or other disputes between the Firm and an Employee that could otherwise be resolved by a court, except as stated below ("Covered Disputes"), shall be resolved through the Program. Both the Firm and the Employee give up any right to resolve any Covered Dispute through any other means. ***Neither the Firm nor an Employee will be able to sue in court in connection with a Covered Dispute.***

> 2. The following types of claims are <u>not</u> Covered Disputes:
> a. A claim for temporary, preliminary or interim injunctive relief relating to the period before

Case 1:10-cv-03332-KBF   Document 34-1   Filed 09/03/10   Page 3 of 8
Case 1:10-cv-03332-KMW-MHD   Document 29-4   Filed 08/20/10   Page 3 of 8

EY Common Ground Dispute Resolution Program                                Page 2 of 7

> the Arbitrator (as defined below) is selected, including temporary restraining orders or preliminary injunctions.
>
> b. Statutory claims for workers' compensation or unemployment insurance.
>
> c. A claim that is subject to a different dispute resolution program or an explicit exhaustion of remedy requirement (such as a claim relating to an employee benefit plan of the Firm, or a bonus, profit or gain sharing, or incentive compensation program of the Firm).

C. *Examples of types of disputes covered.* Examples of Covered Disputes include:
1. Claims based on federal statutes such as Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Fair Labor Standards Act, the Equal Pay Act, the Rehabilitation Act of 1973, the Family and Medical Leave Act, the Employee Retirement Income Security Act and the Worker Adjustment and Retraining Notification Act, all as have been or may be amended.

2. Claims based on state statutes and local ordinances, including state and local anti-discrimination laws.

3. Claims based on common law theories such as tort and contract.
4. Claims concerning wages, salary, and incentive compensation programs, except as provided in paragraph II. B. 2. above.

5. Claims concerning application, interpretation and enforcement of the Program.

**These examples are not exclusive and are provided only as examples of some of the kinds of Covered Disputes that may exist. All Covered Disputes, whether or not listed here, must be resolved through the Program.**

**III. Phase I — Mediation**

A. *Definition.* If a Covered Dispute arises, the parties will try to resolve the Covered Dispute through mediation as set forth below.

B. *Provider.* The Provider for Phase I shall be the Employee's choice of one of the following dispute resolution organizations:
1. The American Arbitration Association ("AAA"), or

2. JAMS.
If the Employee does not choose a Provider within 10 days of Phase I being started, the Firm may choose the Provider.

C. *Initiation.* A party may start Phase I by giving the other party notice in writing. If contemplated by the mediation procedures of the Provider, the Firm will contact the Provider on behalf of the parties.

D. *Mediator.* The parties may agree on a mediator. If the parties do not agree, a party may request that a mediator be appointed by the Provider, but any mediator appointed must be acceptable to each party and must confirm in writing that he or she is not, and will not become during the term of the mediation, an employee, partner, executive officer, director, or substantial equity owner of any Ernst & Young audit client. The mediator will help the parties attempt to resolve the Covered Dispute by agreement.

E. *Mediation Rules.* If the Provider is AAA, the AAA's mediation procedures as in effect on the Effective Date will be used in conducting the mediation to the extent they are consistent with the

Case 1:10-cv-03332-KBF   Document 34-1   Filed 09/03/10   Page 4 of 8
Case 1:10-cv-03332-KMW-MHD   Document 29-4   Filed 08/20/10   Page 4 of 8

EY Common Ground Dispute Resolution Program                                           Page 3 of 7

Program. The AAA procedures may be viewed here. If the Provider is JAMS, the mediation will be conducted as specified by the mediator and consistent with the Program.

F. *Attorney Representation.* An Employee may choose to be represented by a lawyer in the mediation, or may choose not to use a lawyer. If the Employee is not a law school graduate and elects not to be represented by a lawyer, the Firm will not use a lawyer.

G. *Fees and Expenses of Mediation.* An Employee starting Phase I will pay an amount equal to the fee that the Employee would pay to file a lawsuit asserting the same claim in the court of general jurisdiction in the county or independent city where the Employee's primary place of employment is or was located (the "Court Equivalent Fee") or the Employee's fee specified by the provider, whichever is less. The Firm will pay any other fees and expenses charged by the Provider or the mediator. An Employee may contribute a greater portion if the Employee so chooses, up to half of the total.

H. *Attorney's Fees.* Each party shall be responsible for the party's own attorney's fees and related expenses.

I. *Termination of Phase I.* Phase I shall end after 90 days, whether or not the Covered Dispute has been resolved, unless the parties have agreed otherwise in writing.

## IV. Phase II — Arbitration

A. *Definition.* If a Covered Dispute is not resolved in Phase I, either party may choose to proceed to binding arbitration, as provided below.

B. *Phase I Default.* If a party files a lawsuit relating to a Covered Dispute in court in violation of the terms of the Program, the other party may choose to proceed directly to Phase II or to seek an order requiring the party who filed the lawsuit to satisfy the requirements of the Program.

C. *Provider.* The Provider for Phase II shall be the Employee's choice of AAA or JAMS. It need not be the same provider used in Phase I. If the Employee does not select a Provider within 10 days of Phase I being started, the Firm may choose the Provider.

D. *Arbitration Rules.* The arbitration will be conducted in accordance with the Program and the relevant arbitration rules of the Provider as in effect on the Effective Date ("Arbitration Rules"). The relevant rules may be viewed here (AAA), and here (JAMS). If there is any conflict between the Arbitration Rules and the Program, the Program will take precedence.

E. *Initiation.*
   1. A party may start Phase II by giving the other party notice in writing.

   2. If the Arbitration Rules provide for the filing of a demand or request for arbitration with the Provider, the party starting Phase II shall file such demand or request in accordance with the Arbitration Rules, and the arbitration shall not proceed until the Provider has notified the parties that it agrees to assist with the arbitration in accordance with the requirements of the Program. If the Provider does not so agree, an alternative Provider shall be selected by the party starting Phase II or, if no Provider is available, by application to the court of general jurisdiction in the county or independent city where the Employee's primary place of employment is or was located.

F. *Attorney Representation.* Either party may choose to be represented by a lawyer in the arbitration, or may choose not to use a lawyer.

Case 1:10-cv-03332-KBF   Document 34-1   Filed 09/03/10   Page 5 of 8
Case 1:10-cv-03332-KMW-MHD   Document 29-4   Filed 08/20/10   Page 5 of 8

EY Common Ground Dispute Resolution Program                                    Page 4 of 7

G. *Number and Selection of Arbitrators.*
    1. If the amount in controversy is $1 million or less, the arbitration will be conducted by one arbitrator. If the amount in controversy is more than $1 million, the arbitration shall be conducted by a panel of three arbitrators. In no circumstances shall a single arbitrator have power to make any award in excess of $1 million.

    2. A single arbitrator shall be selected as provided in the Arbitration Rules. A three arbitrator panel shall be selected as follows: each party shall select one arbitrator and inform the Provider of the selection. The Provider will invite the party-selected arbitrators to serve without revealing which party had selected each arbitrator. Once appointed, the two party-selected arbitrators shall select the third arbitrator.

    3. All party-appointed arbitrators and single arbitrators shall be selected from:
        a. For AAA, the regional Employment Dispute Resolution Roster, or an equivalent list if such list is unavailable; or

        b.-For JAMS, a list of at least ten potential arbitrators to be provided to the parties by the Provider.

    4. No person may serve as an arbitrator unless that person has confirmed in writing that he or she (a) is bound by and will follow the requirements of the Program and.(b) is not, and will not become during the term of the arbitration, an employee, partner, executive officer, director, or substantial equity owner of any Ernst & Young audit client.

    5. The single arbitrator or the panel of three arbitrators, as the case may be, is referred to below as the "Arbitrator."

H. *Arbitrator Competence.* Any issue about whether a claim, controversy or dispute is subject to arbitration, or about how the terms and conditions of the Program should be interpreted or whether they are binding on the parties, will be decided by the Arbitrator.

I. *Venue.* The venue of the arbitration will be, and the hearing, if any, will be conducted in, the county or independent city where the Employee's primary place of employment is or was located, unless the parties agree otherwise.

J. *Law Applicable to Arbitration.* In deciding a Covered Dispute, the Arbitrator will apply the substantive law, including burdens of proof, that would be applied by a court in the venue of the arbitration. The Arbitrator may grant any relief that could be granted by such a court, but will have no power to grant any other relief.

K. *Separate Proceedings.* If there is more than one Covered Dispute between the Firm and an Employee, all such Covered Disputes may be heard in a single proceeding. Covered Disputes pertaining to different Employees will be heard in separate proceedings.

L. *Discovery.* Consistent with the expedited nature of arbitration and the needs of the parties, each party may obtain discovery relevant to the Covered Dispute as follows:
    1. Each party may obtain reasonable discovery of documentary evidence.

    2. Each party may also take the deposition of (i) three individuals of the party's choosing for no more than seven hours each, and (ii) the deposition of any expert witness designated by the other party.

    3. The Arbitrator shall permit additional discovery upon a finding that a party requires it to

Case 1:10-cv-03332-KBF   Document 34-1   Filed 09/03/10   Page 6 of 8
Case 1:10-cv-03332-KMW-MHD   Document 29-4   Filed 08/20/10   Page 6 of 8

EY Common Ground Dispute Resolution Program                             Page 5 of 7

adequately arbitrate a claim, but shall protect the parties against discovery that is unduly burdensome.

4. The Arbitrator will issue subpoenas to third parties for such documentary evidence on the reasonable request of a party, if permitted by law.

M. *Witnesses.* The parties shall exchange witness lists at least 10 days prior to any hearing. A party may not present a witness at a hearing if the name of the witness has not been provided to the opposing party in accordance with this rule.

N. *Summary Adjudication.* If, after giving the parties due opportunity to comment on the matter, the Arbitrator determines that all or part of a party's claim fails to state a legal claim, or that there is no genuine issue of fact as to all or part of a party's claim, the Arbitrator shall dismiss the claim or relevant portion thereof, or grant summary judgment for any part thereon, as appropriate.

O. *Conduct of Hearing.* At an arbitration hearing, the parties shall have the right to present proof through testimony and documentary evidence, and to cross-examine witnesses who testify at the hearing.

P. *Fees and Expenses.* Fees and expenses of the arbitration will be handled as follows:
   1. Filing and administrative fees. The Firm will pay all filing and administrative fees in connection with the arbitration, except as follows:
      a. An Employee starting Phase II shall contribute the Court Equivalent Fee or the Employee's fee specified by the provider, whichever is less. An Employee who paid the Court Equivalent Fee in Phase I need not contribute when initiating Phase II.

      b. An Employee may contribute a greater portion of filing and administrative fees if the Employee so chooses, up to half.

   2. Arbitrator fees and other costs. The parties' intent is for Arbitrator fees and other costs of the arbitration, other than filing and administrative fees, to be shared equally to the extent permitted by law and the Arbitration Rules. However, the portion of the cost to be paid by an Employee will be adjusted to the extent, if any, necessary for the parties' agreement to arbitrate to be enforced.

   3. Party attorney fees and other expenses. Each party will be responsible for the party's own attorney's fees and related expenses, but the Arbitrator will have authority to provide for reimbursement of the Employee's attorney's fees, in whole or part, in accordance with applicable law or in the interest of justice.

Q. *Award.* The Arbitrator shall render an award and written opinion in the form typically rendered in labor arbitrations. The Arbitrator is expected to issue the award and opinion no later than thirty (30) days from the date the arbitration hearing concludes or post-hearing briefs (if requested) are received, whichever is later, but a failure of the Arbitrator to meet this or any other deadline shall not affect the validity of the arbitration and award. The opinion shall set forth the factual and legal basis for the award and shall include a summary of the issues, including the nature of the dispute, the relief requested and awarded, a statement of any other issues resolved, and a statement regarding the disposition of any statutory claims. An award shall be final and binding on the parties to the fullest extent permitted by law. Judgment on any award may be entered and enforced in any court of competent jurisdiction.

## V. Other Matters

A. *Confidentiality.* All aspects of Phase I and Phase II, including any award made, shall be confidential,

Case 1:10-cv-03332-KBF   Document 34-1   Filed 09/03/10   Page 7 of 8
Case 1:10-cv-03332-KMW-MHD   Document 29-4   Filed 08/20/10   Page 7 of 8

EY Common Ground Dispute Resolution Program                                     Page 6 of 7

except to the extent disclosure is required by law or applicable professional standards, or is necessary in a later proceeding between the parties.

B. *At-Will Employment.* The Program does not change the at-will status of Employees and does not create any contract between an Employee and the Firm, other than as to those matters expressly addressed in the Program.

C. *Notice.* Any notice required to be given to an Employee shall be directed to the Employee's last known address as reflected in the records of the Firm. Any notice required to be given to the Firm shall be directed to the General Counsel's Office at the Firm's principal location in New York City, to the attention of Rita A. Hernandez, Deputy General Counsel, or her successor or designee.

D. *Administrative Process.*
   1. The Program does not affect the right of any Employee to file a charge with, make a complaint to, or bring any matter to the attention of ("File a Charge") the US Equal Employment Opportunity Commission, a state or local discrimination agency, or any other administrative body. However, if an Employee who has Filed a Charge relating to a Covered Dispute has not fully pursued the dispute through the Program, the Firm may ask the agency or body in question to defer its processing or investigation of the Charge until the Program has been completed.

   2. Notwithstanding the Filing of a Charge, an Employee may seek monetary relief with respect to a Covered Dispute only through the Program.

E. *Termination or Amendment.*
   1. The Firm may propose termination or amendment of the Program by providing notice to Employees through the Daily Connection or other electronic notice on at least two occasions. An Employee indicates his or her agreement to the proposed amendment or termination, and such proposed change becomes effective as to that Employee, by continuing his or her employment with the Firm for at least thirty days after the second notice is provided.

   2. Termination or amendment will not affect a Covered Dispute as to which Phase I had been initiated when the termination or amendment was proposed.

   3. If a proposed termination or amendment is determined not to be effective in whole or part for any reason, including lack of sufficient notice, lack of agreement, invalidity of a Program provision, or otherwise, the Program as it existed at the time of the proposed termination or amendment shall remain in effect to the extent that the proposed termination or amendment is determined not to be effective.

F. *Due Process and Severability.*
   1. The Program is intended to be fair to both sides and to provide access by Employees at an affordable cost. If it is determined that all or part of the Program is unenforceable for reasons pertaining to the fairness of the procedures or the cost, the Firm shall have the option to modify the Program as appropriate to address the concern.

   2. If any portion of the Program is held to be invalid or unenforceable, or if any portion of the Program would, if effective, violate applicable law, that portion of the program shall be void and of no effect, but the remainder of the Program shall remain in full force and effect.

G. *Choice of Law Governing Program.* The Program, these procedures, and any arbitration award that may result from them shall be governed by the Federal Arbitration Act and, to the extent, if any, that such Act is held not to apply, to the state law, including judicial interpretations, applicable in the State of New York, provided that principles of conflicts of laws shall not be applied.

Case 1:10-cv-03332-KBF   Document 34-1   Filed 09/03/10   Page 8 of 8
Case 1:10-cv-03332-KMW-MHD   Document 29-4   Filed 08/20/10   Page 8 of 8

EY Common Ground Dispute Resolution Program                                Page 7 of 7

### Document Information

| | |
|---|---|
| Issue Date | 13-Jun-2007 |
| Effective Date | 18-Jul-2007 |
| Supersedes | AA7521 |

### Document Details

| | |
|---|---|
| Issuer(s) | Kathryn A. Oberly |
| Distribution | US Personnel |
| Issuing Function(s) | General Counsel's Office |
| Topic | Employment Policies\Dispute Resolution |
| Service Line | All Service Lines |
| Scope | United States |
| Industry | (Not Applicable) |
| Policy Type(s) | Policy & Practice Statement (PPS) |
| Originating Country(s) | United States |
| Language | English |
| For More Information | |

Copyright © 2007 Ernst & Young LLP All Rights Reserved

▶ Revision History

Edit History

---

- EY Policies Repository Release 1.2 January 2007 -

**Created By:**
Jessie M. Moore

**Created On:**
10-May-2007

**Last Modified By:**
Lucia V. Barzellato
Lucia V. Barzellato
Lucia V. Barzellato
Lucia V. Barzellato
Jessie M. Moore

**Last Modified By:**
13-Jun-2007
13-Jun-2007
13-Jun-2007
31-May-2007
10-May-2007