# Exhibit E

1

06TAASUTC                    Conference

1   UNITED STATES DISTRICT COURT

1   SOUTHERN DISTRICT OF NEW YORK

2   ------------------------------x

2

3   STEPHANIE SUTHERLAND,

3

4                    Plaintiff,

4

5           v.                        10 CV 3332 (KMW)

5

6   ERNST & YOUNG,

6

7                    Defendant.

7

8   ------------------------------x

8                                     New York, N.Y.

9                                     June 29, 2010

9                                     3:00 p.m.

10

10  Before:

11

11                    HON. KIMBA M. WOOD,

12

12                                     District Judge

13

13                    APPEARANCES

14

14  FARUQI & FARUQI, LLP

```
15        Attorneys for Plaintiff Mansberger

15   BY:  GERALD WELLS, III

16

16   FOLKENFLIK & MCGERITY

17        Attorneys for Plaintiff Sutherland

17   BY:  MAX FOLKENFLIK

18

18   AKIN GUMP STRAUSS HAUER & FELD, LLP

19        Attorneys for Defendant Ernst & Young

19   BY:  JOEL M. COHN

20   DANIEL L. NASH

20   ESTELA DIAZ

21

22

23

24

25
```

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

2

06TAASUTC                     Conference

1           (Case called)

2           MR: FOLKENFLIK:  Good afternoon, your Honor.

3           Max Folkenflik, for Folkenflik & McGerity, for

4      plaintiffs, punitive class.

5           MR. WELLS:  Gerald Wells, on behalf of plaintiff,

6      Brian Mansberger.

7           MR. COHN:  Joel Cohn, from Akin Gump Strauss Hauer &

8      Feld, on behalf of Ernst & Young.

9           MR. NASH:  Daniel Nash, on behalf of Ernst & Young.

10          MS. ESTELA DIAZ:  Good afternoon, your Honor.

11          Estela Diaz, on behalf of Ernst & Young.

12          THE COURT:  Good afternoon.

13          This conference has been called for a narrow purpose.

14     First is to learn from counsel in the Mansberger case whether

15     there is any objection to having the case deemed related to the

16     Sutherland action.

17          MR. WELLS:  Your Honor, on behalf of the plaintiff, we

18     don't believe whether there is any issue with having these

19     cases deemed related.

20          THE COURT:  Does that mean yes or no; you agree?

21          MR. WELLS:  Yes, your Honor.

22          THE COURT:  Have you had a chance to look over the

23     schedule that I set in the Sutherland case?

24          MR. WELLS:  I have, your Honor.  And due to some

25     travel conflicting between myself and Mr. Folkenflik we've

                    SOUTHERN DISTRICT REPORTERS, P.C.

                            (212) 805-0300

3

06TAASUTC                Conference

1   begun at least caucusing regarding whether or not above and

2   beyond the cases being related if any further issue should be

3   addressed.  And while discussions have begun, your Honor, we'd

4   like at least from plaintiff Brian Master we'd would like some

5   additional time to bring those discussions to fruition and we'd

6   like approximately two weeks.  I think that time could be

7   accomplished and state whether or not the schedule that is set

8   the forth in the Sutherland matter can be adopted for the

9   Mansberger matter where the cases can be consolidated.

10          THE COURT:  All right.  When you say "or can be

11   consolidated".

12          MR. WELLS:  I'm sorry, your Honor.  And whether or not

13   they should be consolidated.

14          THE COURT:  Well, if they're deemed related they are

15   consolidated.  They won't necessarily be adjudicated at the

16   same time but they will be dealt with by the same judge.

17          MR. WELLS:  Correct, your Honor, but consolidation for

18   all purposes.

19          THE COURT:  Okay.  All right.  Very good.  What date

20   do you propose?

21          MR. WELLS:  Your Honor, two weeks from today if that's

22   amenable to the Court.

23          THE COURT:  That's fine.  That would be July 6.

24          MR. WELLS:  Very good, your Honor.

25          THE COURT:  No.  I wasn't counting right.  That would

4

06TAASUTC                    Conference

1    give you only one week.  I will not be here the weeks of the

2    12th and the 18th.  Would you be available July 7 or is that

3    too soon?

4              MR. FOLKENFLIK:  Your Honor, I think that might

5    provide sufficient time, although, with the holiday it may

6    cause some delays.  Although, telephones work on holidays as

7    well.

8              Just so I can make clear our understanding and

9    position, we believe the two cases should be handled by the

10   same judge because whether or not they're consolidated for

11   discovery or certification or even trial similar issues are

12   going to arise time and again and a single judicial voice makes

13   sense.

14             With respect to the way in which we're proceeding now,

15   I think I am clear and I think Mr. Wells agrees, but he can

16   tell you if he doesn't, that for the moment the cases should be

17   proceeding on their own tracks.  And by that I mean whatever

18   discovery I may take or meetings I may have with opposing

19   counsel is not dependent upon Mr. Wells being ready to do that

20   same discovery or meetings.  Although, I certainly would be

21   happy to invite him because that would seem efficient into any

22   discovery I choose to take.  I am taking a deposition on the

23   14th in the Hoe case which pursuant to stipulation will be

24   usable in this case.  I am taking a deposition on the 19th in

25   the Hoe case which pursuant to stipulation will be used in this

5

06TAASUTC                    Conference

1    case.  The 19th is in California and the 14th is here in New

2    York.

3              Also, there are meetings to be held between counsel as

4    your Honor ordered and that's an issue I want to raise because

5    there are some issues with regard to that that the defendants

6    have raised.

7              And I want to address other matters to expeditiously

8    move this case toward a certification decision on Rule 23 and a

9    conditional certification for the purposes of Section 216 (B)

10   notice under the FLSA.

11             With respect to conditional certification I may be

12   ready much sooner than November 15th and, obviously, as your

13   Honor is aware, statutes of limitation continue to run.  We

14   want to send out that notice at the earliest possible moment.

15   Conditional certification as Mr. Cohn pointed out last time is

16   very minimal standard showing.  We think we can make that

17   showing if the defendants cooperate with us and provide us with

18   some answers that I think are inarguable as quickly as we hear

19   from them, answers such as whether national manuals providing

20   for audit responsibilities apply nationwide, whether the

21   training programs that are given to staff one and two with

22   respect to audit responsibilities are uniform nationwide.  With

23   respect to whether the training responsibilities with respect

24   to seniors one or two, the level above which is in Mr. Well's

25   case and not ours are applicable nationwide.  And the reason I

06TAASUTC                    Conference

1    raise that is as our expert we're about to retain has indicated

2    those materials may provide an insight as to what is different

3    between staff one and two and senior one and two on the audit

4    programs.  I think we can develop a more than a minimal showing

5    that our class, staff one and two, are treated uniformly

6    sufficiently to get a conditional certification of very quick

7    order.

8         So while that might involve some duplication of

9    expense in FLSA notices, if Mr. Wells were to at a later point

10   bring an FLSA point which is not in the case at this moment, I

11   don't think we should delay the notice because of any such

12   potential future contingency and we should do it as quickly as

13   possible.

14        THE COURT:  All right.  Do you wish to be heard

15   further on that, Mr. Wells?

16        MR. WELLS:  Yes, your Honor.

17        Your Honor, I have no intention of in any way delaying

18   the depositions that Mr. Folkenflik has scheduled for the Hoe

19   case which to my knowledge regards California claims alone,

20   provided however that defendants can make those depositions

21   transcripts available to myself and my co-counsel as well,

22   including the caveat that if for whatever reason we need

23   additional information that we're not in any way precluded from

24   taking our own depositions in our case should these two cases

25   not be consolidated for all purposes.

7

06TAASUTC                    Conference

1           THE COURT:  Thank you.

2           Mr. Cohn?

3           MR. COHN:  Yes, your Honor.  About our position?

4           THE COURT:  Well, do you wish to be heard on any of

5      the matters that have been raised either by me or

6      Mr. Folkenflik?

7           MR. COHN:  Yes, a number of matters, your Honor.

8           First of all, we believe that now that the cases are

9      related we believe that they should be consolidated under Rule

10     42 at least for purposes of class certification.  This was the

11     same, this is the same arrangement that Judge Fogle has ordered

12     in the California litigation and Mr. Folkenflik himself has

13     agreed to that procedure.  So we don't see any reason at all to

14     deviate from that approach.

15          Now, it is our understanding that you have the

16     authority to sua sponte -- the consolidation or we'll be happy

17     to brief the issue but we do think that we satisfy all of the

18     requirements of Rule 42 under established Second Circuit

19     authority and we have authority if you would like to hear from

20     us on that issue.  So we do think the cases should be

21     consolidated.

22          With regard to the briefing schedule that the Court

23     has entered, we spent several hours on that last time and we

24     think that the parties should now adhere to that.  We don't

25     think it's appropriate to be deviating by having Mr. Folkenflik

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

06TAASUTC                    Conference

1    get ahead of that schedule with some type of motion under the

2    Fair Labor Standards Act.  So, the Court set a schedule.  We

3    had a full discussion of it.  And now that has been set in

4    place and so we think we should abide by that.

5         The last point I want to make and this is an important

6    point from our perspective.  Listening to Mr. Folkenflik one

7    would be led to believe that we are embarking on these issues

8    for the first time.  Whether or not as he says audits are the

9    same, whether staff ones and staff twos do this or do that, the

10   California litigation which these plaintiffs and in particular

11   plaintiff's counsel are trying to run away from, and let's be

12   perfectly clear about this, as Mr. Folkenflik stated last time

13   the reason the Richards was filed was because they didn't like

14   what was going on in Judge Fogle's courtroom.

15        Now, Richards has been consolidated with Hoe and so

16   now they're coming to New York.  We have had five years of

17   discovery.  The questions that Mr. Folkenflik is asking as

18   though he doesn't have a clue have been subject to discovery

19   for five years.  He himself on the record last time represented

20   to the Court about 11 sets of interrogatories, numerous

21   depositions and I don't remember, 50,000 pages of documents,

22   and he doesn't know the answers to these questions?

23        Respectfully, your Honor, our client also has rights

24   that deserve to be represented and enforced and we are

25   certainly in agreement with the Court that this should be made

06TAASUTC                    Conference

1   efficient to the extent possible but these issues really need

2   to be looked at in the proper context.  So, yes, the cases are

3   related.  Yes, we think the cases should be consolidated and we

4   think the Court is certainly in a position today to order that.

5   If not, we'll be happy to brief it.  And then once that occurs,

6   your Honor, as I mentioned last time, we are actively

7   considering whether to file a motion with the Court seeking to

8   transfer the actions after they have been consolidated to Judge

9   Fogle's courtroom where in all likelihood these claims should

10  have been raised in the first instance.

11        THE COURT:  All right.  When do you expect to file

12  your motion to transfer?

13        MR. COHN:  We could -- well, we could file that

14  probably within a few weeks.  I don't think it would take us

15  any longer than that to prepare it.

16        THE COURT:  Okay.  Mr. Folkenflik?

17        MR. FOLKENFLIK:  Yes, your Honor, if I may respond

18  brief.

19        THE COURT:  Let me just note one thing.  Today we are

20  discussing consolidation and whether that needs to be briefed

21  and whether Mr. Wells should be given two weeks to consider it

22  and then we would all come back and discuss it.  So we're

23  discussing right now whether to consolidate immediately,

24  whether there should be a two week discussion period or three

25  whether there should be briefing.

06TAASUTC                    Conference

1        Third, rather the second main point as I understand it

2    is whether you intend to adhere to the briefing schedule we set

3    last time.

4        MR. FOLKENFLIK:  Absolutely, your Honor.

5        THE COURT:  Then why are we talking about that?

6        MR. FOLKENFLIK:  Well, your Honor set a briefing

7    schedule that I should move no later than November 15, 2010 for

8    conditional certification under the FLSA.  I just raised the

9    possibly that we might move sooner which is no later.  And that

10   is the briefing schedule.  If your Honor chooses to not allow

11   me to move until November 15th, that's fine, but I don't think

12   that would be necessarily either expeditious or appropriate.

13       THE COURT:  Well, I have almost never told someone

14   they cannot file a motion at a particular time.  In fact, no

15   such instance comes to mind.

16       Okay.  With respect to consolidation I suggest this:

17       Mr. Wells, can you file within one week any opposition

18   to consolidation of these actions?

19       MR. WELLS:  Yes, your Honor.

20       THE COURT:  Okay.  So we will assume that a motion has

21   been made now for consolidation for the reasons that have been

22   amply set forth in the record at this conference and at the

23   earlier conference, the transcript of which is available to

24   Mr. Wells.

25       Mr. Wells will respond to that motion within one week

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

06TAASUTC                    Conference

1   and defense counsel shall respond within one week thereafter.

2        MR. FOLKENFLIK:  Your Honor, I take it I may be heard

3   as well in the one week on consolidation?

4        THE COURT:  Yes.  Mr. Wells seemed to indicate in what

5   he said to me that he would be discussing this with you --

6        MR. FOLKENFLIK:  Absolutely.

7        THE COURT:  -- in the next two weeks.

8        MR. FOLKENFLIK:  But we may reach different positions.

9        THE COURT:  You certainly may be heard on it, yes.  So

10  you should coordinate with one another.  And Mr. Wells should

11  let you know whether he agrees to consolidation.  If you oppose

12  consolidation you would need to file within, let's say, ten

13  business days of today.

14       MR. FOLKENFLIK:  That's fine, your Honor.

15       THE COURT:  Okay.

16       MR. FOLKENFLIK:  And, your Honor, just so your Honor

17  understands my position with consolidation is there's a

18  difference between discovery and class certification.

19       THE COURT:  I understand and I don't think we need to

20  get into all of that now.  I think everyone understands the

21  distinctions.

22       MR. WELLS:  Your Honor, just a point of clarification

23  for myself.  Do I under the defendant's position that if my

24  client's case which asserts New York State claims only and

25  therefore in no way could ever be brought in California if

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

06TAASUTC                    Conference

1     these matters are consolidated defense is intending to transfer

2     my case out to California?

3             THE COURT:  We discussed last time the unlikelihood of

4     that.

5             What is your view, Mr. Cohn?

6             MR. COHN:  Your Honor, we think that this, that the

7     New York claim, Mr. Mansberger's claim, could have been filed

8     in California under CAFA.  We can certainly brief that issue if

9     the Court --

10            THE COURT:  All right.  Let's then alter the briefing

11    schedule.  Thank you for bringing that to my attention Mr,

12    Wells.

13            Mr. Cohn, can you brief within one week whether the

14    New York action could have been brought in California?  That

15    will enable Mr. Wells to know what position he should take on

16    consolidation.  If it could not have been brought in California

17    then that decision on consolidation should probably await the

18    decision on any transfer motion.  There is no point in

19    consolidating a case with another case that's going to a state

20    where it could not have been brought.

21            MR. COHN:  I think I understand.  Let me make sure I

22    am clear.

23            We believe that the Mansberger and Sutherland actions

24    should be consolidated under Rule 42 in this court.  The

25    transfer issue is a separate issue.

06TAASUTC                    Conference

1        THE COURT:  Of course.

2        MR. COHN:  And we can, of course, also brief a week

3    from today the jurisdictional issue that you raised.

4        THE COURT:  All right.  So just to make it clear,

5    within one week of today Akin Gump will brief the transfer

6    issue with respect to Mansberger, that is, could the Mansberger

7    action have been brought in California?

8        MR. COHN:  Well, I just want to be very clear about

9    this.  The transfer under 1404 implicates issues that are

10   somewhat different from the CAFA issue as to --

11       THE COURT:  Well --

12       MR. COHN:  So we can do whatever the Court wants, of

13   course, but if we are just going to brief the, what's really a

14   venue question, we can certainly brief that and then brief the

15   1404 issue after this consolidation issue is resolved.

16       THE COURT:  I think that the efficiency of going one

17   way or the other depends in large part on the likelihood that

18   the Mansberger action could have been brought in California.

19       If it could not have been brought in California then

20   we're looking at a different transfer motion from the motion

21   that you would otherwise file.  And so what I have in mind is

22   that you would brief the narrow issue of whether the Mansberger

23   action could have been brought in California.  The parties will

24   brief that, if you can, on a one week for a response and then

25   one week for any defense reply.  At that point I'll bring you

06TAASUTC                    Conference

 1    back to court and we'll decide where to go from there.

 2            MR. COHN:  That sounds fine.  That's perfect.

 3            MR. WELLS:  That's fine, your Honor.

 4            MR. FOLKENFLIK:  Your Honor, obviously, fine.  Now.

 5    If I could just address a case management issue if it's okay

 6    with your Honor?

 7            I had in accordance with your Honor's prior direction

 8    that the parties get together and meet and confer about a

 9    possible sampling procedure, had written on June 18th a lengthy

10    e-mail to Mr. Knopp who is in California but as I understand

11    spearheading this litigation for Akin Gump.  And I had

12    suggested a number of things that we sit town and meet and

13    confer about the issue of possible sampling that we discuss

14    whether we should limit sampling to New York or go nationwide,

15    whether we could identify some of the issues your Honor thought

16    would be helpful to identify.

17            THE COURT:  You are asking me now to get involved in

18    the merits of sampling?

19            MR. FOLKENFLIK:  No, not at all.  I am just saying I

20    raised these issue with Akin Gump.  They have responded that

21    they don't want to meet and confer about these processes or any

22    expedition process until the consolidation in the transfer

23    motions are first decided.  They also have asked that I supply

24    them with authority that your Honor could order sampling prior

25    to certification.

                    SOUTHERN DISTRICT REPORTERS, P.C.

                          (212) 805-0300

06TAASUTC                    Conference

1          My problem with that approach is that your Honor made

2     crystal clear the desire of the Court to move as expeditiously

3     as possible.  And at some point whether it be from your Honor

4     or from Magistrate Dolinger we will have to have some

5     assistance with the Court, I believe, to make that happen.

6     There are things that can be done today that would expedite

7     this case.

8          THE COURT:  Tell me what could be done today.

9          MR. FOLKENFLIK:  We could sit down and meet and confer

10    about sampling as your Honor directed us to do last time and I

11    am prepared to do that today.

12         THE COURT:  Is there any reason not to do that,

13    Mr. Cohn?

14         MR. COHN:  Yes, your Honor, there are a number of

15    reasons.  And we could not say we are not going to meet and

16    confer and I have the letter if the Court wants to see that.

17    We sent to Mr. Folkenflik -- I am sure you don't want to get

18    into this.  Let me just state this.  It is our position that

19    these procedural issues that we have been discussing today

20    should first be decided by the Court.

21         THE COURT:  All right.  I disagree with you on that.

22    I think the case needs to move forward.  What we're looking at

23    is at least a month or two before we know in what district the

24    cases will lodge eventually.

25         MR. COHN:  Right.

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

06TAASUTC                    Conference

1         THE COURT:  The merits of how we deal with

2    certification should not be put off for two months because of

3    that.  I am directing you to meet and confer.

4         Now is today convenient for you?

5         MR. COHN:  It's not.

6         Let me just make one point though, your Honor.

7    Mr. Folkenflik is under an order by a district court in

8    California to brief the class issue by July 30th without any

9    sampling and it's his position -- this is the plaintiff's

10   position --

11        THE COURT:  Tell me the bottom line of what you are

12   upset about.

13        MR. COHN:  The bottom line is that Mr. Folkenflik is

14   now seeking discovery in this court which for whatever the

15   reasons the plaintiff decided was not appropriate or they

16   didn't want to pursue in California.  It's his burden and he

17   had a burden under Rule 111 when he filed this lawsuit to make

18   sure that there was factual support for his nationwide class

19   claims and it's his position that the discovery which, as you

20   know, we're now allowing him to use here is sufficient to prove

21   class treatment in California.  And his position is that these

22   positions are the same throughout the country, California, New

23   York, Florida.  So it's not at all clear to us what additional

24   information he needs now given the position that he --

25        THE COURT:  I'm not going to decide today what he

17

06TAASUTC                    Conference

1    needs now but I am ordering you to meet and confer and --

2            MR. COHN:  Well, we said we would.

3            THE COURT:  Tell me how soon you will, a meaningful

4    meeting.

5            MR. COHN:  Yes.

6            (Pause)

7            MR. COHN:  We'll be able to do that by the end of next

8    week.

9            THE COURT:  Why don't we say mid week next week?

10           MR. COHN:  Isn't that the holiday?

11           THE COURT:  No.

12           MR. COHN:  Your Honor, I think our office is closed

13   Monday, although, I'd do it if your Honor chooses.

14           THE COURT:  And when I said mid week I ment the 7th or

15   the 8th.

16           MR. COHN:  That's fine.

17           THE COURT:  All right.  So the meet and confer on

18   sampling and related issues will occur on or before July 7th

19   and the parties shall make any motions you deem necessary after

20   that meeting.  I would appreciate your giving me a joint status

21   letter of the outcome of your meeting with specifics as to what

22   you did and didn't agree to.

23           All right.  Is there anything else today?

24           MR. WELLS:  Yes, your Honor.

25           Clearly I don't want my case to be kept in the dark

SOUTHERN DISTRICT REPORTERS, P.C.

(212) 805-0300

06TAASUTC                    Conference

1    nor do I want to wait for other issues to develop.  So what I

2    would ask the Court is the discovery that defendants have made

3    available to Mr. Folkenflik be provided to my office.  I

4    understand --

5            THE COURT:  Let me just pause for a minute.  I see no

6    reason why that should not happen.

7            Mr. Cohn?

8            MR. COHN:  Well, your Honor, if the two actions are

9    not ultimately consolidated through class treatment then --

10           THE COURT:  That's not an answer.  Is there some

11   reason that the discovery should not be made available to

12   Mr. Wells under the same conditions that it was made available

13   to Mr. Folkenflik?  Whether it's relevant or not is something

14   that could be very time consuming --

15           MR. COHN:  It will be.

16           THE COURT:  -- to ascertain and very expensive for the

17   parties --

18           MR. COHN:  It will be.

19           THE COURT:  -- I suggest that unless the material is

20   subject to some special confidentiality agreement that would

21   bar Mr. Wells from seeing it that he be permitted to see it

22   under the same conditions that Mr. Folkenflik was permitted to

23   see it.

24           MR. WELLS:  Your Honor?

25           THE COURT:  Please, just a moment.

                    SOUTHERN DISTRICT REPORTERS, P.C.

                          (212) 805-0300

06TAASUTC                     Conference

1              MR. COHN:  So, it would be under the same protective

2    order that Judge Fogle has entered?

3              THE COURT:  Well --

4              MR. COHN:  As modified to?

5              THE COURT:  It would be under the same conditions that

6    we all agreed to at the last conference here.  I haven't read

7    the contents of Judge Fogle's order and I am not ruling

8    anything with respect to what his order says or does and I am

9    talking about my order.

10             Mr. Wells?

11             MR. WELLS:  I'm sorry for interrupting, your Honor.

12             Your Honor, I understand defendant wants to have a

13   protective order in place.  What I was going to suggest is that

14   they produce all of the documents subject to the treatment of

15   "attorney's eyes only" until --

16             THE COURT:  That is precisely what was agreed to at

17   our last conference.  I would urge you to get a copy of that

18   transcript when you can.

19             MR. COHN:  It's a little different.

20             MR. FOLKENFLIK:  Your Honor, I have a copy.

21             THE COURT:  Please, counsel, let's not prolong this.

22   Is there an important difference you want to bring out?

23             MR. COHN:  Yes, there is, your Honor.

24             THE COURT:  Go ahead.

25             MR. COHN:  We don't want to pay to have 50,000 pages

20

06TAASUTC                    Conference

1   and other materials copied for him.  If he wants the

2   material --

3           THE COURT:  We haven't gotten to who is going to pay.

4           MR. COHN:  He can get it from Mr. Folkenflik.

5           THE COURT:  Well, you haven't even met and conferred

6   about that, I take it.

7           MR. COHN:  We haven't cause this is the first time we'

8   heard about it.

9           THE COURT:  This is not the time to raise it with the

10  Court.  If there is a problem with the cost of copying, let me

11  know.

12          Thank you, counsel.

13                    (Adjourned)

14

15

16

17

18

19

20

21

22

23

24

25