UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE SUTHERLAND, on behalf of herself and all others similarly situated,

Plaintiff,

v.

ERNST & YOUNG LLP,

Defendant.

Civ. Action No. 10-CV-3332 (KMW)

# REPLY MEMORANDUM OF LAW IN SUPPORT OF ERNST & YOUNG LLP'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STAY PROCEEDINGS AND COMPEL ARBITRATION

AKIN GUMP STRAUSS HAUER & FELD LLP

Daniel L. Nash
Joel M. Cohn
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Telephone: 202-887-4000
Facsimile: 202-887-4288
dnash@akingump.com
jcohn@akingump.com

Estela Díaz
One Bryant Park
New York, NY 10036
Telephone: 212-872-1000
Facsimile: 212-872-1002
ediaz@akingump.com

Attorneys for Defendant Ernst & Young LLP

**TABLE OF CONTENTS**

**Page**


I. PLAINTIFF'S FLSA RIGHTS WOULD NOT BE COMPROMISED IN ARBITRATION. ....... 1

II. ARBITRATION IS NO BAR TO PLAINTIFF ASSERTING HER INDIVIDUAL CLAIMS. ....... 4

III. THE ARBITRATION AGREEMENT IS NOT UNCONSCIONABLE ....... 8

IV. ERNST & YOUNG HAS NOT WAIVED ITS RIGHT TO ARBITRATE ....... 8

CONCLUSION ....... 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*14 Penn Plaza LLC v. Pyett*,
129 S.Ct. 1456 (2009)....................2

*Adkins v. Labor Ready, Inc.*,
303 F.3d 496 (4th Cir. 2002)....................3

*Alexander v. Gardner-Denver Co.*,
415 U.S. 36 (1974)....................2

*Bar-Ayal v. Time Warner Cable Inc.*,
No. 03 Civ. 9905 (KMW), 2006 WL 2990032 (S.D.N.Y. Oct. 16, 2006)....................8

*Barrentine v. Arkansas-Best Freight Sys.*,
450 U.S. 728 (1981)....................2

*Brady v. Williams Capital Grp., L.P.*,
14 N.Y.3d 459 (2010)....................8

*Brown v. Sears Holdings Mgmt., Corp.*,
No. 09-C-2203 (CPK), 2009 WL 2514173 (N.D. Ill. Aug. 17, 2009)....................4

*Byrnes v. Castaldi*,
72 A.D.3d 718 (2d Dep't 2010)....................9

*Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*,
50 F.3d 388 (7th Cir. 1995)....................10

*Carter v. Countrywide Credit Indus., Inc.*,
362 F.3d 294 (5th Cir. 2004)....................2, 3, 6

*De Sapio v. Kohlmeyer*,
35 N.Y.2d 402 (1974)....................9, 10

*Fensterstock v. Educ. Fin. Partners*,
611 F.3d 124 (2d Cir. 2010)....................8

*Flynn v. Labor Ready, Inc.*,
6 A.D.3d 492 (2d Dep't 2009)....................9

*Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20 (1991)....................2, 3

*Havey v. Homebound Mortg., Inc.*,
547 F.3d 158 (2d Cir. 2008)....................8

*Horenstein v. Mortg. Mkt., Inc.*,
9 Fed. Appx. 618 (9th Cir. 2001)....................4

*Iaria v. Metro Fuel Oil Corp.*,
07-CV-4853 (NG), 2009 WL 222373 (E.D.N.Y. Jan. 30, 2009)....................7

*In re Currency Conversion Fee Antitrust Litig.*,
265 F.Supp.2d 385 (S.D.N.Y. 2003)....................5

*Italian Colors Rest. v. American Express Travel Related Services Co. (In re American Express Merchants' Litig.)*,
554 F.3d 300 (2d Cir. 2009)....................4, 6

*Jock v. Sterling Jewelers, Inc.*,
No. 08 Civ. 2875 (JSR), 2010 WL 2898294 (S.D.N.Y. Jul. 26, 2010)....................9

*Johnson v. West Suburban Bank*,
225 F.3d 366 (3d Cir. 2000)....................3

*Kavanagh v. Grand Union Co., Inc.*,
192 F.3d 269 (2d Cir. 1999)....................8

*Manning v. New York Univ.*,
No. 98 Civ. 3300 (NRB), 2001 WL 963982 (S.D.N.Y. 2001)....................3

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
473 U.S. 614 (1985)....................1

*Mota v. Imperial Parking Sys.*,
08-Civ-9526 (NRB), 2010 WL 3377497 (S.D.N.Y. Aug. 24, 2010)....................7

*Oldroyd v. Elmira Sav. Bank, FSB*,
134 F.3d 72 (2d Cir. 1998)....................1

*Pomposi v. Gamestop, Inc.*,
No. 309 Civ. 0340 (VLB), 2010 WL 147196 (D. Conn. Jan. 11, 2010)....................4

*Ragone v. Atl. Video*,
595 F.3d 115 (2d Cir. 2010)....................6

*Ranieri v. Bell Atl. Mobile*,
304 A.D.2d 353, 759 N.Y.S. 2d 448 (1st Dep't 2003)....................8

*Reid v. Supershuttle Int'l, Inc.*,
No. 08 Civ. 4854 (JG), 2010 WL 1049613 (E.D.N.Y. Mar. 22, 2010)....................4

*Rush v. Oppenheimer & Co.*,
779 F.2d 885 (2d Cir. 1985)....................8

*Sherr v. Dell*,
05-CV-10097 (GBD), 2006 WL 2109436 (S.D.N.Y. 2006)....................6

*Sinnett v. Friendly Ice Cream Corp.*,
319 F. Supp. 2d 439 (S.D.N.Y. 2004)....................2

**STATUTES**

29 U.S.C.
§ 216(b)....................2, 3, 5
§ 216(c)....................3

Plaintiff does not dispute that she entered into an agreement to arbitrate the claims she asserts in this lawsuit. Instead, to avoid the binding arbitration to which she agreed, she offers four reasons why her agreement to arbitrate should not be enforced—and why her and her lawyer's preference for this forum should control—in spite of the "strong federal policy favoring arbitration." *See Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 76 (2d Cir. 1998).

Each of plaintiff's arguments is contrary to well-settled law, misconstrues her agreement, or both. First, plaintiff contends that arbitration would require her to waive substantive rights under the Fair Labor Standards Act, but the agreement includes no such waiver, and plaintiff's assertion that her right to pursue a collective action under the FLSA cannot be waived has been rejected by federal courts that have considered the issue. Second, plaintiff contends that she will be precluded from vindicating her rights if she must arbitrate because it would be too expensive, but her agreement makes clear—and Ernst & Young otherwise stipulates—that she may recover in arbitration any fees and costs that she could recover in court. Third, plaintiff relies on law from several other states to argue that her agreement to arbitrate is unconscionable, but courts applying *New York law* have uniformly held otherwise. Finally, plaintiff argues that Ernst & Young waived its right to seek arbitration, but admits she has not been prejudiced by any delay, as is required to prove a waiver.

Because plaintiff agreed to arbitrate her claims and has offered no legitimate reason for why her agreement should not be enforced, Ernst & Young's motion should be granted.

I. Plaintiff's FLSA Rights Would Not Be Compromised In Arbitration.

Plaintiff's substantive FLSA rights would in no way be altered if she arbitrates her claim as she promised to do. "By agreeing to arbitrate a statutory claim, a party does not forgo the *substantive* rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614,

628 (1985) (emphasis added). Nevertheless, plaintiff claims that the following alleged rights under the FLSA are compromised by her agreement to arbitrate: (1) recovery of attorney's fees and liquidated damages; (2) the requirement that the Secretary of Labor supervise "waivers" of claims; and (3) the opportunity to bring a collective action. *See* Opp. at 14-15. As shown below, these alleged rights either are not compromised by Ernst & Young's Common Ground Dispute Resolution Program (the "Program") or are waivable under well-settled law.[1]

*First*, contrary to plaintiff's assertions, the Program provides for the award of both attorney's fees and liquidated damages. Under the FLSA, a plaintiff who prevails on her claims in court is entitled to a "reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Such fees and costs also are recoverable under the Program, which states: "Each party will be responsible for the party's own attorney's fees and related expenses, but the Arbitrator will have authority to provide for reimbursement of the Employee's attorney's fees, in whole or part, *in accordance with applicable law* or in the interest of justice." Declaration of Dea Reece ("Reece Decl.") (Dkt No. 29), Ex. D, ¶ IV.P.3 (emphasis added). Thus, if plaintiff is entitled to attorney's fees under applicable law, the arbitrator is required to award them. *See Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 299 (5th Cir. 2004) (arbitrator required to award plaintiffs attorney's fees and costs under FLSA where arbitrator

---

[1] Plaintiff suggests that the text or legislative history of the FLSA precludes arbitration of *individual* FLSA claims (*see* Opp. at 19). There is no support for this suggestion and plaintiff cites none. Instead, she cites cases that *support* the arbitration of claims under statutes like the Age Discrimination and Employment Act ("ADEA"), which incorporates the enforcement provisions of the FLSA. *See* Opp. at 3, 19; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 27 (1991) (ADEA claim subject to arbitration); *14 Penn Plaza LLC v. Pyett*, 129 S.Ct. 1456, 1466-69 (2009) (affirming enforceability of collective-bargaining agreement requiring arbitration of ADEA claims, and distinguishing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974) and *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728 (1981), also relied on by plaintiff). Indeed, courts in this Circuit have enforced agreements to arbitrate FLSA claims. *See Sinnett v. Friendly Ice Cream Corp.*, 319 F. Supp. 2d 439, 445 (S.D.N.Y. 2004) (granting motion to dismiss where plaintiff agreed to arbitrate FLSA claims and noting that plaintiff had not "waived any of his rights under the FLSA," but "rather . . . agreed to have those rights adjudicated in an alternative forum . . . .").

could, "in his or her discretion, permit the prevailing party to recover fees and costs only to the extent permitted by applicable law.") Likewise, plaintiff did not waive any right to liquidated damages by agreeing to arbitrate because the "Arbitrator may grant *any relief* that could be granted" by a court. Reece Decl., Ex. D ¶ IV.J; *see* 29 U.S.C. § 216(b) (employee may recover unpaid overtime and "an additional equal amount as liquidated damages.") In sum, plaintiff did not waive her right to any potential relief by agreeing to arbitrate her claims.

*Second*, plaintiff argues that providing an arbitrator discretion to award liquidated damages is, effectively, the waiver of a non-waivable right. Opp. at 20. Under Section 216(c), a waiver of liquidated damages is permitted if the Secretary of Labor supervises a settlement between an employee and the employer. 29 U.S.C. § 216(c); *see Manning v. New York Univ.*, No. 98 Civ. 3300 (NRB), 2001 WL 963982, at *13 (S.D.N.Y. 2001). This provision is inapplicable here, since the Program does not waive plaintiff's ability to recover liquidated damages.

*Third*, plaintiff argues that bringing a collective action is a substantive right that cannot be waived by arbitration. Yet she has not cited a single case that reached this holding. *See Gilmer*, 500 U.S. at 27 (party opposing arbitration has burden to show that Congress intended to preclude arbitration of statutory claims); *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 503 (4th Cir. 2002) (noting that plaintiff had not pointed to any "suggestion in the text, legislative history or purpose of FLSA that Congress intended to confer a nonwaivable right to a class action under that statute"). In fact, as noted by plaintiff, numerous courts have held just the opposite. *See* Opp. at 22; *Carter*, 362 F.3d at 298 (rejecting claim that inability to proceed collectively deprived plaintiffs of "substantive rights" under FLSA); *Johnson v. West Suburban Bank*, 225 F.3d 366, 377 (3d Cir. 2000) (rights to collective or class actions may be waived "so long as the

rights the statute was designed to protect may be vindicated by other means"); *Horenstein v. Mortg. Mkt., Inc.*, 9 Fed. Appx. 618, 619 (9th Cir. 2001) (unpublished) (contention that arbitration clause could not be enforced "because it eliminate[d] [plaintiffs'] statutory right to a collective action" under FLSA rejected); *Brown v. Sears Holdings Mgmt., Corp.*, No. 09-C-2203 (CPK), 2009 WL 2514173, at * 4 (N.D. Ill. Aug. 17, 2009) (in context of release, plaintiff could waive right to bring collective action: "[plaintiff] remains able to pursue the full pay for the work that she performed for [her employer], plus liquidated damages, attorneys' fees, and costs if she is able to prove that [her employer] violated the FLSA, *so her FLSA rights are not affected by her inability to litigate via a class action.*") (emphasis added).

Indeed, courts in this Circuit have enforced agreements to arbitrate individual FLSA claims where the agreement did not provide for the arbitration of collective actions. *See Pomposi v. Gamestop, Inc.*, No. 309 Civ. 0340 (VLB), 2010 WL 147196, at *7-8, 11 (D. Conn. Jan. 11, 2010); *Reid v. Supershuttle Int'l, Inc.*, No. 08 Civ. 4854 (JG), 2010 WL 1049613, at *2-4 (E.D.N.Y. Mar. 22, 2010).[2]

II. Arbitration Is No Bar To Plaintiff Asserting Her Individual Claims.

Plaintiff contends that arbitration is prohibitively expensive, effectively preventing her from pursuing her claims in arbitration. Plaintiff's argument is meritless because it is based on fundamental misconceptions of the Program, mainly that: (1) attorney's fees and costs are not

---

[2] To the extent that *Italian Colors Rest. v. American Express Travel Related Services Co. (In re American Express Merchants' Litig.)*, 554 F.3d 300 (2d Cir. 2009)—upon which plaintiff relies—is still viable after the Supreme Court vacated the judgment and remanded the case, it does not warrant a different result. *American Express* noted in *dicta* that the language in *Gilmer*—that an arbitration clause would be enforceable "even if" class remedies were unavailable—did not apply because plaintiffs did "not proffer the argument rejected in *Gilmer*, namely that the class action waiver is unenforceable *merely because the relevant statute allows class actions*." 554 F.3d at 314 (emphasis added). Instead, the plaintiffs argued that the enforcement of the class action waiver would effectively bar *both* individual and collective actions. *Id.* Here, plaintiff argues that the mere existence of a procedure for a collective action under the FLSA confers a non-waivable right. *See* Opp. at 15-16. As shown above, federal courts that have considered this argument have squarely rejected it.

recoverable in arbitration; and (2) arbitrator fees and costs must be shared equally.[3] Once those misconceptions are resolved, plaintiff's declarations do nothing more than reflect a preference for a particular forum—a forum that she explicitly agreed *not* to use.

*First*, as explained above, the Program provides for the award of attorney's fees. If plaintiff is entitled to attorney's fees and costs under applicable law, the arbitrator is required to award them. *See* 29 U.S.C. § 216(b); Reece Decl., Ex. D, ¶ IV.P.3.

*Second*, the Program explicitly requires the arbitrator to adjust the employee's share of fees and costs to make the agreement enforceable. Ernst & Young is required to pay all filing and administrative fees, except that an employee commencing arbitration contributes a "court equivalent fee" or a fee specified by the arbitration provider, whichever is less. Reece Decl., Ex. D, ¶ IV.P.1. Further, although the "parties' intent is for Arbitrator fees and other costs of the arbitration, other than filing and administrative fees, to be shared equally to the extent permitted by law and the Arbitration Rules," "*the portion of the cost to be paid by an Employee will be adjusted to the extent, if any, necessary for the parties' agreement to arbitrate to be enforced.*" *Id.* ¶ IV.P.2 (emphasis added). Thus, if arbitrator fees and other costs are sufficiently large as to prevent enforcement of the agreement, the employee's share *must* be reduced.

Although the Program provides for the same award of attorney's fees and costs as is available in court, to remove any conceivable doubt, Ernst & Young hereby stipulates that plaintiff is entitled to recover in arbitration any fees and costs that she could recover in court if she prevails on her claims. Ernst & Young further stipulates that it will bear all administrative costs and arbitrator fees. This stipulation eliminates any possible concern that arbitration would be cost-prohibitive for plaintiff and thus prevent her from vindicating her rights. *See In re*

---

[3] Plaintiff also argues that she would incur costs in mediating her claims before arbitration. But Ernst & Young has moved to compel plaintiff to arbitrate, not mediate. Under the Program, the parties may proceed directly to arbitration. *See* Reece Decl., Ex. D, ¶ IV.B.

*Currency Conversion Fee Antitrust Litig.*, 265 F.Supp.2d 385, 412 (S.D.N.Y. 2003) (where defendants "offered to pay all arbitration fees, hearing fees, and arbitrators' fees, and to forgo any right to seek prevailing party attorneys' fees in arbitration," plaintiffs could not "possibly show that the arbitration costs could preclude them from effectively vindicating their federal statutory rights in arbitration"); *Sherr v. Dell*, 05-CV-10097 (GBD), 2006 WL 2109436 (S.D.N.Y. 2006) (arbitration agreement would not render arbitration prohibitively costly for plaintiff in part because defendants had agreed to pay plaintiff's arbitration fees to the extent they would exceed court filing fees); *Carter*, 362 F.3d at 300 (5th Cir. 2004) (arbitration not prohibitively costly where defendants had agreed to pay all arbitration costs); *cf. Ragone v. Atl. Video*, 595 F.3d 115, 125 (2d Cir. 2010) (affirming grant of motion to dismiss and compel arbitration, where defendant waived enforcement of statute of limitation and fee-shifting provisions in arbitration agreement).

Because plaintiff may recover in arbitration the same fees and costs that would be available in court, she cannot prove—as she must—that her agreement prevents her from vindicating her rights. Her estimate that it would cost in excess of $200,000 to arbitrate her individual claims is, therefore, irrelevant.

Moreover, the only case she cites—*American Express*—where an arbitration agreement was rejected on this basis stands in stark contrast. In that case, which has been vacated and remanded, plaintiffs' expert estimated that a "median plaintiff" would recover four-year damages of $1,751, while an economic antitrust study for an individual plaintiff would cost *at least several hundred thousand dollars*, and that amount was *not* recoverable. *See* 554 F.3d at 317-18.

Here, by contrast, a "median" plaintiff could recover substantially more. Plaintiff seeks an amount that is presently unascertainable due to her allegations of unrecorded hours, but is no

less than $1,867 in unpaid overtime wages; *plus* damages for "additional overtime hours which [she] will testify she worked, but did not document" (Declaration of Max Folkenflik ¶ 8); *plus* liquidated damages equal to the sum of the first two amounts. Other putative class members would seek substantially more, as is shown by a brief plaintiff's counsel filed in the California litigation, in which the plaintiff sought overtime damages of approximately *$120,000*. *See* Declaration of Daniel L. Nash, Ex. A at 5.

Further, plaintiff's proposed expert estimates his fees to be approximately $33,500, a small fraction of the estimated expert fees in *American Express*. Moreover, his proposed testimony relates to subjects that might be considered relevant to class certification (*e.g.*, the work performed by staff accountants generally), but appear to have no bearing on plaintiff's individual claim. *See* Declaration of Douglas R. Carmichael ¶¶ 2, 5. This is true because whether plaintiff is entitled to overtime under the FLSA should be determined by testimony and other evidence regarding the work *plaintiff* actually performed. *See Mota v. Imperial Parking Sys.*, 08-Civ-9526 (NRB), 2010 WL 3377497, at *3-5 (S.D.N.Y. Aug. 24, 2010) (analyzing testimony of plaintiff and other witnesses to determine liability under the FLSA, and noting that the "question of how plaintiff spent his working time is a question of fact" and that it was the "duties actually performed" by plaintiff that were relevant to the analysis); *Iaria v. Metro Fuel Oil Corp.*, 07-CV-4853 (NG), 2009 WL 222373, at *1 (E.D.N.Y. Jan. 30, 2009).

In sum, plaintiff cannot show that arbitration will preclude her from vindicating her rights under the FLSA. In fact, her true position appears to be that a class action is the *only* way for individuals to vindicate such rights, an assertion that is routinely belied by individual lawsuits filed in this and other Circuits. *See, e.g., Havey v. Homebound Mortg., Inc.*, 547 F.3d 158 (2d Cir. 2008); *Kavanagh v. Grand Union Co., Inc.*, 192 F.3d 269 (2d Cir. 1999).

III. The Arbitration Agreement Is Not Unconscionable.[4]

Plaintiff relies on non-New York authority in arguing that arbitration agreements that preclude class actions are unconscionable. Under New York law, however, a "contractual proscription against class actions . . . is neither unconscionable nor violative of public policy." *Ranieri v. Bell Atl. Mobile*, 304 A.D.2d 353, 354, 759 N.Y.S. 2d 448, 449 (1st Dep't 2003); *see Bar-Ayal v. Time Warner Cable Inc.*, No. 03 Civ. 9905 (KMW), 2006 WL 2990032, at *16 (S.D.N.Y. Oct. 16, 2006) (Wood, J.) (rejecting claim that arbitration clause barring class action was unconscionable under New York law). The only case cited by plaintiff that applied New York law did not even address the alleged unconscionability of arbitration agreements that preclude class actions. *See Brady v. Williams Capital Grp., L.P.*, 14 N.Y.3d 459, 462 (2010) (remanding for determination regarding whether plaintiff was financially able to share equally the costs and fees of arbitration).[5]

IV. Ernst & Young Has Not Waived Its Right to Arbitrate.

Finally, plaintiff attempts to distinguish the law of New York and this Circuit in arguing that Ernst & Young waived its right to arbitrate plaintiff's *state* law claim. *See* Opp. at 30-31. But Second Circuit precedent regarding waiver of the right to arbitrate applies to plaintiff's federal *and* state law claims. *See Rush v. Oppenheimer & Co.*, 779 F.2d 885, 886 (2d Cir. 1985). Plaintiff concedes that she cannot show sufficient prejudice to establish a waiver under Second Circuit precedent. *See* Opp. at 2 ("Whether Defendant's conduct standing alone created

---

[4] The arguments on pages 26-31 of plaintiff's brief should be disregarded because plaintiff exceeded the 25-page limit without permission, which is required by the Court's rules. *See* Individual Rules of Practice of the Honorable Kimba M. Wood, available at http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=427.

[5] Plaintiff inaccurately cites *Fensterstock v. Educ. Fin. Partners*, 611 F.3d 124 (2d Cir. 2010), as supporting denial of defendant's motion to dismiss. It does not. In *Fensterstock*, the Second Circuit applied *California law* in affirming the denial of defendant's motion to dismiss on the basis that a class action waiver in the arbitration clause was unconscionable. *Id.* at 140.

sufficient 'prejudice' to deny the motion is, we freely admit, a difficult argument under the existing Second Circuit cases."); *id.* at 30 ("[u]nder existing [Second Circuit] case law, the alleged prejudice "may well be insufficient" for a finding a waiver);

But even if the New York waiver analysis applied, this argument would fail. The "crucial question" under New York law is the "degree of participation by the defendant in the action." *See De Sapio v. Kohlmeyer*, 35 N.Y.2d 402, 405 (1974); *Byrnes v. Castaldi*, 72 A.D.3d 718, 720 (2d Dep't 2010) (no waiver where plaintiffs failed to show that four-month delay or any other conduct by defendants, including engaging in discovery, resulted in prejudice to them); *Flynn v. Labor Ready, Inc.*, 6 A.D.3d 492, 493 (2d Dep't 2009) (no waiver where defendants filed motion to dismiss and deny class certification). As noted in its opening brief, Ernst & Young requested a pre-motion conference on its motion to compel arbitration *within three months* after the answer was filed, and *a few days* after a decision interpreting a recent Supreme Court decision regarding class arbitration was decided in this district. *See Jock v. Sterling Jewelers, Inc.*, No. 08 Civ. 2875 (JSR), 2010 WL 2898294 (S.D.N.Y. Jul. 26, 2010). Nor has Ernst & Young made "myriad procedural applications," as plaintiff asserts. Opp. at 31. Instead, it has merely participated in two conferences mandated by this Court—both approximately one month after the filing of its answer—regarding scheduling and whether to deem *Mansberger* related to *Sutherland*. Ernst & Young has not sought any discovery from plaintiff; has not filed any other substantive motions; and moved to compel arbitration *before* any rulings regarding transfer or consolidation—and those issues remain open. In these circumstances, there is no credible argument that Ernst & Young has waived its right to seek arbitration.

The cases plaintiff cites are easily distinguished. In *De Sapio*, the court found that the defendant had waived his right to stay the action because defendant brought a cross-claim against

a third party and utilized judicial discovery procedures to procure a deposition of plaintiff. *See* 35 N.Y.2d at 407. And in *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 389 (7th Cir. 1995), the court affirmed the denial of defendant's motion to stay pending arbitration—brought nearly ten months after the complaint was filed—because defendant had *affirmatively* invoked the judicial process by removing the action to federal court, and then received more than 2,000 documents in discovery from the plaintiff. In contrast, here, Ernst & Young has done nothing to "manifest an intent" to resolve the dispute through the processes of the federal court. *See id.* at 390.

## CONCLUSION

The Court should dismiss plaintiff's complaint, including her class claims, and compel the arbitration of her individual claims pursuant to the FAA. In the alternative, the Court should stay proceedings while plaintiff's claims are arbitrated.

Dated: September 9, 2010

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Daniel L. Nash
Daniel L. Nash
Joel M. Cohn
Estela Díaz

Attorneys for defendant Ernst & Young LLP

CERTIFICATE OF SERVICE

I hereby certify that, on September 9, 2010, I caused to be served via the Court's Electronic Case Filing system a true and correct copy of the Reply Memorandum of Law in Support of Defendant Ernst & Young LLP's Motion to Dismiss, or in the Alternative, Stay Proceedings and Compel Arbitration, and Declaration of Daniel L. Nash on registered counsel:

Max Folkenflik, Esq.
Folkenflik & McGerity
1500 Broadway, 21st Floor
New York, NY 10036
mfolkenflik@fmlaw.net

Leon Marc Greenberg
Leon Greenberg
633 South 4th Street #9
Las Vegas, NV 89101
wagelaw@aol.com

Dated: September 9, 2010
New York, New York

/s/
Estela Díaz