UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE SUTHERLAND, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ERNST & YOUNG LLP,<br><br>　　　　　　　　　　Defendant. | Civ. Action No. 10-CV-3332 (KMW) |

MEMORANDUM OF LAW IN SUPPORT OF ERNST & YOUNG LLP'S
MOTION TO TRANSFER VENUE

　　　　　　　　　　　　　　　　　　　AKIN GUMP STRAUSS HAUER & FELD LLP

　　　　　　　　　　　　　　　　　　　Daniel L. Nash
　　　　　　　　　　　　　　　　　　　Joel M. Cohn
　　　　　　　　　　　　　　　　　　　1333 New Hampshire Avenue, N.W.
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036-1564
　　　　　　　　　　　　　　　　　　　Telephone: 202-887-4000
　　　　　　　　　　　　　　　　　　　Facsimile: 202-887-4288
　　　　　　　　　　　　　　　　　　　dnash@akingump.com
　　　　　　　　　　　　　　　　　　　jcohn@akingump.com

　　　　　　　　　　　　　　　　　　　Estela Díaz
　　　　　　　　　　　　　　　　　　　One Bryant Park
　　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　Telephone: 212-872-1000
　　　　　　　　　　　　　　　　　　　Facsimile: 212-872-1002
　　　　　　　　　　　　　　　　　　　ediaz@akingump.com

　　　　　　　　　　　　　　　　　　　Attorneys for Defendant Ernst & Young LLP

**TABLE OF CONTENTS**

**Page**

BACKGROUND ............................................................................................................................ 2

I. THE CALIFORNIA ACTIONS.......................................................................................... 2

II. THE *SUTHERLAND* ACTION .......................................................................................... 4

ARGUMENT .................................................................................................................................. 6

I. PLAINTIFF'S ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA ........................................................................................... 6

    A. THIS ACTION COULD HAVE BEEN BROUGHT IN THE NORTHERN DISTRICT OF CALIFORNIA. ............................................................................ 6

    B. THE BALANCE OF FACTORS WEIGHS IN FAVOR OF TRANSFER. ............ 9

CONCLUSION............................................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
   223 F.3d 1082 (9th Cir. 2000) .................................................................................7, 8

*Bassali v. Johnson Controls, Inc.*,
   06-Civ-4149 (KMW), 2008 WL 45750 (S.D.N.Y. Jan. 2, 2008) .......................9, 12

*Bennett v. Progressive Corp*,
   225 F. Supp. 2d 190 (N.D.N.Y. 2002) ..........................................................................12

*Berg v. First Am. Bankshares, Inc.*,
   576 F. Supp. 1239 (S.D.N.Y. 1983) ..............................................................................13

*CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*,
   396 B.R. 602 (S.D.N.Y. 2008) ................................................................................6, 13

*Coremetrics, Inc. v. AtomicPark.com, LLC*,
   370 F. Supp. 2d 1013 (N.D. Cal. 2005) ........................................................................ 8

*Eres N.V. v. Citgo Asphalt Ref. Co.*,
   605 F. Supp. 2d 473 (S.D.N.Y. 2009) ......................................................................6, 9

*General Elec. Capital Corp. v. Titan Aviation, LLC*,
   No. 06 CIV. 4795 (LTS), 2007 WL 107752 (S.D.N.Y. Jan. 16, 2007) ....................7

*Glass v. S&M NuTec, LLC*,
   456 F. Supp. 2d 498 (S.D.N.Y. 2006) .........................................................................10

*Hsin Ten Enter. USA, Inc. v. Clark Enters.*,
   138 F. Supp. 2d 449 (S.D.N.Y. 2000) ..........................................................................7

*In re Collins & Aikman Corp. Sec. Litig.*,
   438 F. Supp. 2d 392 (S.D.N.Y. 2006) .........................................................................10

*James v. Prudential-Bache Sec., Inc.*,
   90 Civ. 4995, (DNE), 90 Civ. 5505 (DNE), 1990 WL 180193 (S.D.N.Y. Nov. 9,
   1990) ...............................................................................................................................13

*Levitt v. Maryland Deposit Ins. Fund Corp.*,
   643 F. Supp. 1485 (E.D.N.Y. 1986) .............................................................................13

*Nat'l Super Spuds, Inc. v. New York Mercantile Exch.*,
   425 F. Supp. 665 (S.D.N.Y. 1977) ................................................................................13

*Panavision Int'l, L.P. v. Toeppen*,
　141 F.3d 1316 (9th Cir. 1998) ...................................................................................7

*Posven, C.A. v. Liberty Mut. Ins. Co.*,
　303 F. Supp. 2d 391 (S.D.N.Y. 2004)........................................................................6

*Seltzer v. Omni Hotels*,
　No. 09 CIV. 9115 (BSJ), 2010 WL 3910597 (S.D.N.Y. Sept. 30, 2010).............11, 12

*Van Dusen v. Barrack*,
　376 U.S. 612 (1964)...................................................................................................6

**STATUTES**

28 U.S.C.
　§ 1391(b)....................................................................................................................7
　§ 1391(c)....................................................................................................................7
　§ 1404(a)...............................................................................................................6, 10

PRELIMINARY STATEMENT

This action should be transferred to the Northern District of California where, for more than five years, plaintiff Stephanie Sutherland's lawyers have been prosecuting substantially similar claims on behalf of a putative class that includes many individuals who are also potential class members in this action.  Like Sutherland, plaintiffs in the California actions claim that Ernst & Young improperly classified them as exempt from overtime laws, and they purport to represent other Ernst & Young professionals, including the assurance staffs whom Sutherland also purports to represent.  The California district court has resolved numerous substantive and discovery issues to date, including granting Ernst & Young summary judgment as to the original plaintiff, holding that he was exempt from overtime requirements as a matter of law.

In April 2010, after Sutherland contacted them upon reading about the California lawsuits on their website, her lawyers made a tactical decision.  Rather than sue in California—which they indisputably could have done—they elected to file a new action in this Court.  Since that time, Sutherland has done everything possible to take advantage of the substantial overlap with the California actions, rather than prosecute her action independently.  She demanded access to the many thousands of documents Ernst & Young produced in California.  She has consulted with the plaintiffs' lawyers in California, consistently copying them on correspondence before they have made any effort to appear in this action.  Her expert relied exclusively on documents and testimony from the California actions in reaching his conclusions about the propriety of class certification in *this* case.  She has served no fact discovery in this action, choosing instead to rely exclusively on the California record.  Finally, while simultaneously requesting that their class certification deadline be *delayed* in California, her lawyers demanded an accelerated class

1

certification briefing schedule in this case—a schedule that would be impossible if not for their ability to rely exclusively on the California evidentiary record.

In short, Sutherland's conduct demonstrates without question that this action is inextricably intertwined with the long-standing California actions. Sutherland has proceeded exactly as if her action was consolidated with the California cases from day one. She should not be permitted to obtain the benefits of consolidation while litigating separately in this forum, apparently in an effort to obtain contrary results to those already reached by the California federal court and to take two shots at obtaining class certification. Given the substantial overlap between *Sutherland* and the three earlier-filed California actions, if the Court does not compel arbitration of Sutherland's claims, then Ernst & Young requests that the instant action be transferred to the Northern District of California, where it can be adjudicated by the district court that has already invested significant time considering essentially the same facts and issues.

## BACKGROUND

I.  THE CALIFORNIA ACTIONS

The first action filed in California, *Ho v. Ernst & Young* LLP, No. CV-05-4867 (N.D. Cal.), was removed to the Northern District of California on November 29, 2005. Declaration of Gregory W. Knopp ("Knopp Decl.") ¶ 2. The second action filed in California, *Landon v. Ernst & Young LLP, et al.,* No. CV-08-2853 (N.D. Cal.), was transferred to the Northern District of California on June 6, 2008. *Id.* ¶ 3. Finally, *Richards v. Ernst & Young LLP*, No. CV-08-4988 (N.D. Cal.), was transferred to the Northern District of California on October 28, 2008. *Id.* ¶ 4.

Max Folkenflik, plaintiff's counsel herein, has been counsel of record in the California actions since September 2007.[1]  *Id.* ¶ 12, Ex. B.  Hoffman & Lazear and the Thierman Law Firm are also representing plaintiffs in the California actions.

Various motions in the consolidated California actions have already been decided by District Judge Jeremy Fogel and Magistrate Judge Howard Lloyd, including three motions for summary judgment as to three named plaintiffs, and numerous motions to compel regarding discovery issues.  *Id.* ¶ 7.

On March 4, 2008, Judge Fogel granted partial summary judgment in favor of Ernst & Young as to the claims of plaintiff David Ho, holding that Ho met all the requirements of the administrative exemption under California law.  *Id.* ¶ 8.  On January 15, 2009, Judge Fogel denied Ernst & Young's motion for partial summary judgment as to Sarah Fernandez, the only remaining named plaintiff in *Ho*, because issues of fact remained as to two elements under the administrative exemption.  *Id.* ¶ 9.  Finally, on February 24, 2010, Ernst & Young's motion for summary judgment as to plaintiff Michelle Richards was granted in part and denied in part.  *Id.* ¶ 10.

*Ho*, *Landon,* and *Richards* were consolidated for class certification purposes on March 13, 2009.  *Id.* ¶ 6.  Plaintiffs' original deadline to file their class certification motion was June 30, 2010.  At plaintiffs' request, the parties stipulated on or about May 27, 2010 to extend the deadline to July 30, 2010.  *Id.*  Subsequently, plaintiffs requested another extension and the parties stipulated on or about July 1, 2010 to extend the deadline to August 20, 2010.  *Id.* Plaintiffs filed their motion for class certification on August 20, 2010, seeking to certify a class of unlicensed current and former employees in California in the job positions of staff 1, staff 2,

---

[1] Mr. Folkenflik mistakenly recalled that he had been involved in *Ho* for "about a year."  6/17/10 Hearing Tr. 7:21-24.

3

senior 1, and senior 2 in the tax and assurance service lines at Ernst & Young. *Id.* ¶ 11. Ernst & Young's opposition to the class motion is due December 31, 2010. *Id.* ¶ 11.

II.   THE *SUTHERLAND* ACTION

Sutherland filed this action on April 20, 2010 after reading about the California cases on the Internet. *See* 6/17/10 Hearing Tr. at 26:1-2, attached as Exhibit C to the Knopp Decl.; Knopp Decl. ¶ 14. She seeks to represent both a nationwide Fair Labor Standards Act ("FLSA") opt-in class and a New York state law Rule 23 class of persons who are or were employed at Ernst & Young in the job positions of staff 1 or staff 2 in the assurance service line. Compl. ¶ 1.

Sutherland is represented by both Max Folkenflik of Folkenflik & McGerity and Leon Greenberg, who is associated with the Thierman Law Firm in the *Ho* action. In addition, Tim Hoffman of Hoffman & Lazear attended the deposition of Ernst & Young's expert witness in this action on November 15, 2010 and is in the process of filing a notice of appearance in *Sutherland*. *Id.* ¶ 16. Accordingly, counsel for plaintiffs in *Ho* are identical, or will soon be identical, to the counsel of record in *Sutherland*. In fact, Mr. Folkenflik copies both Hoffman & Lazear and the Thierman Law Firm on virtually all correspondence regarding *Sutherland*. *Id.* ¶ 15.

At the initial conference on June 17, 2010, Sutherland's counsel stated that "proper judicial administration might suggest transferring" *Sutherland* to California given the "length of time that [Judge Fogel has] been dealing with [the California] cases and the overlap of the issues." 6/17/10 Hearing Tr. at 15:5-10, 27:4-9. Ernst & Young also raised the prospect of transferring *Sutherland*. *Id.* at 39:23-25, 40:1-7. However, the transfer issue was complicated by the filing of another lawsuit, *Mansberger*, which involved only New York claims. Thus, as a preliminary step to a motion to transfer, the Court asked Ernst & Young to brief whether *Mansberger* could have been brought in California. 6/29/10 Hearing Tr. 13:21-22, attached as Exhibit D to the Knopp Decl. As a result of that briefing, the Court ordered the parties in

4

*Mansberger* to conduct limited jurisdictional discovery and set a briefing schedule for Ernst & Young's motion to dismiss *Mansberger* for lack of jurisdiction.  8/6/10 Order (Docket Entry No. 24).  Mansberger did not oppose the motion to dismiss, and the Court entered an order of voluntary dismissal of *Mansberger* on November 16, 2010.  11/16/10 Order (*Mansberger* Docket Entry No. 41).

On August 20, 2010, Ernst & Young filed a motion to dismiss, or in the alternative, stay proceedings and compel arbitration in *Sutherland*.  The Court denied Ernst & Young's request for a stay of discovery and other proceedings while its motion to dismiss *Sutherland* is pending.  *See* 8/27/10 Order (Docket Entry No. 30) and 10/18/10 Order (Docket Entry No. 46).  Although Ernst & Young believes that its motion to dismiss should be decided before the instant motion to transfer, it requested that the briefing of this motion to transfer commence to avoid prejudice to Ernst & Young's position.  *See* 11/5/10 Ernst & Young letter (Docket Entry No. 49).

Sutherland's motion for class certification is due on December 3, 2010, and will be fully briefed by January 21, 2011—two weeks after briefing on the transfer motion is completed.  *See* 11/16/10 Order (Docket Entry No. 48).

To date, Sutherland has relied exclusively on the discovery taken in connection with the California cases.  *Id.* ¶¶ 17-18.  Sutherland's expert report relies on the documents produced there, as well as the declarations of putative class members in California and depositions taken in those cases.  *Id.* ¶ 18.  Indeed, Sutherland's counsel has characterized *Sutherland* and the California actions as "pending parallel proceeding[s]" and has threatened to have a 30(b)(6) witness in the California actions "back [to testify] with respect to the New York action . . . ." *See* 7/19/10 Mark Borowski Deposition Transcript at 285:23-25 - 286:1-2, 303:10-15, attached as

5

Exhibit E to the Knopp Decl. Other than requesting materials related to Ernst & Young's expert report, Sutherland has not propounded any discovery. *Id.* ¶ 17.

ARGUMENT

I.   PLAINTIFF'S ACTION SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA

District courts have "broad discretion" to determine whether a transfer should be made. *CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*, 396 B.R. 602, 608 (S.D.N.Y. 2008) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). A court may transfer an action to another district under 28 U.S.C. § 1404(a) if (1) the action might have been brought in the other district; and (2) it is in the interests of justice and a convenience to the parties and witnesses to complete the transfer. The purpose of transferring venue is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960) (internal quotation marks omitted)). All of these interests would be directly served by transferring this action to the Northern District of California.

   A.   <u>This Action Could Have Been Brought In The Northern District Of California</u>.

The threshold question in deciding a transfer motion is whether the case could have been brought in the proposed district. *See Eres N.V. v. Citgo Asphalt Ref. Co.*, 605 F. Supp. 2d 473, 478 (S.D.N.Y. 2009). A district where an action "might have been originally brought" is one in which (1) venue would have been proper; (2) the court could have exercised personal jurisdiction over the defendant; and (3) the court would have had subject matter jurisdiction. *See Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004) (citations omitted). Here, each of these requirements is easily satisfied.

A civil action based on federal question jurisdiction, as here, may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State." 28 U.S.C. § 1391(b). A limited liability partnership, like Ernst & Young, resides in any district in which it is subject to personal jurisdiction at the time the action is commenced. *See* 28 U.S.C. § 1391(c); *General Elec. Capital Corp. v. Titan Aviation, LLC*, No. 06 CIV. 4795 (LTS), 2007 WL 107752, at *6 (S.D.N.Y. Jan. 16, 2007); *Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 458 (S.D.N.Y. 2000). In addition, in a state that has more than one judicial district, a corporation is deemed to reside in any district in that state within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state. 28 U.S.C. § 1391(c). Because venue depends on personal jurisdiction, the first two requirements of the "might have been brought" test—venue and personal jurisdiction—are both satisfied if Ernst & Young is subject to personal jurisdiction in the Northern District of California.

When no federal statute governs personal jurisdiction over the claims, as here, the Court applies the law of the state in which the district court sits. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's "long-arm" statute "permits the exercise of personal jurisdiction to the full extent permitted by due process." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), overruled in part on other grounds by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) (citing Cal. Code Civ. P. § 410.10). Thus, whether a California court has personal jurisdiction depends on whether the defendant has minimum contacts with California. *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Contacts that are "substantial" or "continuous and systematic" are sufficient, even if the action is unrelated to those contacts. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)). Relevant factors

include whether the defendant makes sales, solicits or engages in business in the state, or serves the state's markets. *Coremetrics, Inc. v. AtomicPark.com, LLC*, 370 F. Supp. 2d 1013, 1024 (N.D. Cal. 2005) (online retailer's contacts, taken together, were sufficiently substantial, continuous, and systematic to support a finding of general jurisdiction, where defendant provided services to California consumers through its virtual internet store, advertised these services over the Internet, and made substantial and frequent sales to California consumers).  In addition, courts consider the defendant's physical presence in the state, including physical facilities, bank accounts, license to do business in the state, and whether it has designated an agent for service of process.  *Id.* at 1017 (citing *Bancroft*, 223 F.3d at 1086).

Ernst & Young has sufficient contacts with the Northern District of California.  The firm services numerous clients, employs individuals, and maintains offices in Pleasanton, Palo Alto, San Francisco, and San Jose.  *See* Declaration of Michael P. McSherry ("McSherry Decl.") ¶ 5. In addition, some of the putative class members in *Sutherland* who work or worked as staff 1 or 2 in the assurance service line were employed in these offices.  *Id.* ¶ 6.  Ernst & Young is also licensed to do business in California and has designated an agent for service of process in the state.  *Id.* ¶ 7.  And the Northern District of California has presided over three similar lawsuits against Ernst & Young—and thus has exercised personal jurisdiction over the firm—for several years.

Finally, the Northern District of California can exercise subject matter jurisdiction over Sutherland's complaint, since she asserts a cause of action under the FLSA.  In sum, since (i) Ernst & Young is subject to personal jurisdiction in California, (ii) venue is thus proper in California, and (iii) federal subject matter jurisdiction exists, Sutherland could have filed her action in the Northern District of California.

   B. <u>The Balance Of Factors Weighs In Favor Of Transfer</u>.

  After deciding whether an action could have been brought in the transferee district, courts balance the following factors to determine whether transfer is warranted: (1) the convenience of witnesses and the parties; (2) the plaintiff's choice of forum; (3) the relative means of the parties; (4) the location of relevant documents and the relative ease of access to sources of proof; (5) the locus of the operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; (7) the comparative familiarity of each district with the governing law; and (8) judicial economy and the interests of justice, including trial efficiency. *See Eres*, 605 F. Supp. 2d at 478-79. "There is no rigid formula for balancing these factors and no single one of them is determinative." *Bassali v. Johnson Controls, Inc.*, 06-Civ-4149 (KMW), 2008 WL 45750, at *1 (S.D.N.Y. Jan. 2, 2008) (citation omitted). Here, these factors fully support transfer to California.

  First, courts generally consider the convenience of witnesses as the "most important factor" in deciding a motion to transfer, but the convenience of non-party witnesses generally carries more weight. *Id.* (citations omitted). Here, the only conceivable non-party witnesses are putative class members prior to a decision on class certification. Knopp Decl. ¶ 19. Given the geographic scope of the putative class, these witnesses could reside anywhere in the country, and thus New York is no more convenient for them than California. In fact, to date, all of the non-party witnesses on whose testimony Sutherland has relied worked for Ernst & Young in California—not New York. *Id.* ¶ 18.

  Likewise, the party witnesses will likely be located across the country. The party witnesses may include Ernst & Young executives who are knowledgeable about the work of staff 1 or staff 2 employees, Ernst & Young employees who are knowledgeable about the work of

particular putative class members, and any opt-in plaintiffs in the event that the FLSA action is certified as a collective action. *Id.* ¶ 19. These witnesses, too, could reside anywhere in the country, and thus New York is no more convenient than California. In fact, given that Sutherland and her expert have relied exclusively on the testimony of former California employees, California is a substantially more convenient forum for the potential party witnesses identified thus far.[2]

Moreover, there is already a significant overlap between *Sutherland* and the actions that are pending in California that also favors transfer. Sutherland's counsel represents the plaintiffs in the California actions and copies his co-counsel in California on virtually all correspondence he sends regarding *Sutherland*. Thus, Sutherland has counsel in both California and New York available for depositions and other pre-trial proceedings. And all the discovery relied on by Sutherland to date was taken in connection with the California actions, but for the recent expert discovery in *Sutherland*. Even there, Sutherland's own expert only reviewed documents and testimony derived from the California actions. Given this overlap and the fact that most of the witnesses in this action will be party witnesses, the convenience of the parties and the witnesses favors a transfer.

Second, while a plaintiff's choice of forum is a factor under § 1404(a), a court should give less weight to this factor in a putative class action involving plaintiffs who are "scattered throughout the country." *Glass v. S&M NuTec, LLC*, 456 F. Supp. 2d 498, 504 (S.D.N.Y. 2006). "The reason is that in a class action there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim." *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006)

---

[2] The location of expert witnesses carries little weight. See *Bassali*, 2008 WL 45750, at *1 (citation omitted). In any event, the expert witnesses designated to date reside in Pennsylvania and California, respectively. Knopp Decl. ¶ 20.

(citing *Goggins v. Alliance Capital Mgmt.*, L.P., 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003) (internal quotation marks omitted)).  Here, plaintiff's choice of forum deserves even less weight since Sutherland's counsel initially elected to sue Ernst & Young in California, and thus cannot make a credible argument that it is inconvenient to litigate there.  In fact, Mr. Folkenflik stated during the initial conference in *Sutherland*, that "he always questioned whether . . . given the length of time that [Judge Fogel] has been dealing with [the California] cases and the overlap of the issues, whether [the FLSA] claims should be brought before him."  6/17/10 Hearing Tr. 27:4-9.  Filing a lawsuit asserting a nationwide FLSA claim in New York, when those claims could have been brought in California, suggests an attempt to re-litigate aspects of the litigation with which Mr. Folkenflik is unsatisfied.

Third, the relative means of the parties do not weigh against transfer.  A party arguing against transfer on this basis must offer documentation to show that transfer would be "unduly burdensome" to his finances.  *See Seltzer v. Omni Hotels*, No. 09 CIV. 9115 (BSJ), 2010 WL 3910597, at *5 (S.D.N.Y. Sept. 30, 2010).  Here, the putative class is scattered across the country and represented by class counsel who are compensated based on whether the case is successful—Sutherland is not expending her own funds.  *See* Declaration of Max Folkenflik in Opp. to Arbitration ¶ 25 (Docket Entry No. 34) (noting that Sutherland's counsel will advance all costs).

Fourth, the location of relevant documents does not weigh against transfer.  *See Seltzer,* 2010 WL 3910597 at *4 ("In an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly.") (citation omitted).  Here, this is particularly true since, as noted, Sutherland is relying exclusively on documents produced in the California actions.  Over 50,000 documents have been produced electronically by Ernst & Young to plaintiffs in the California actions to date.  Knopp Decl. ¶ 17.

Fifth, the locus of operative facts does not prevent transfer because *Sutherland* concerns the work experience of individuals who have worked at Ernst & Young offices throughout the country.

Sixth, since the potential witnesses in this action will likely be employees of Ernst & Young, the named plaintiff, or class members in the event class treatment is authorized, their testimony will not require a subpoena. *See Seltzer*, 2010 WL 3910597, at *4 (for availability of process factor to have "any bearing, the parties must demonstrate that their proposed *non-party* witnesses would be unwilling to testify in the alternate forum.") (citations omitted) (emphasis added). To the extent that a subpoena is necessary to secure deposition testimony of a putative class member, it would be issued by the district court where the witness is located, which could be anywhere in the country given the scope of the putative FLSA class and the fact that Ernst & Young has over 80 offices in over 39 states. *See* Fed. R. Civ. P. 45(a)(2); McSherry Decl. ¶ 4.

Seventh, each court is equipped to handle Sutherland's claims. Sutherland asserts two causes of action under the FLSA and New York state labor laws. With respect to the FLSA claim, this Court and the Northern District of California are "equally capable of adjudicating federal claims." *See Bassali*, 2008 WL 45750, at *5 (citation omitted and internal quotation marks omitted). And although a district court is presumably more familiar with the law of the state in which it sits than with that of a foreign jurisdiction, this factor is accorded little weight on a motion to transfer, especially where no complex questions of foreign law are involved. *Id.* Further, courts interpret the exemptions under New York law as identical to those under the FLSA. *See Bennett v. Progressive Corp*, 225 F. Supp. 2d 190, 215 (N.D.N.Y. 2002) (exemption analysis under the FLSA applied "equally" to plaintiff's claims under New York law). Accordingly, the comparative familiarity of each court with the governing law is a neutral factor.

Finally, the interests of justice—which include considerations of judicial economy—would be served by transferring this action to the Northern District of California, where Judge Fogel has been presiding over three actions involving similar factual and legal issues. *See CCM Pathfinder*, 396 B.R. at 608 ("the existence of a related action pending in the transferee court weights heavily towards transfer"); *Levitt v. Maryland Deposit Ins. Fund Corp.*, 643 F. Supp. 1485, 1493 (E.D.N.Y. 1986) ("A transfer . . . is particularly appropriate where there is a prior pending lawsuit in the transferee district involving the same facts, transaction or occurrences."); *Berg v. First Am. Bankshares, Inc.*, 576 F. Supp. 1239, 1244 (S.D.N.Y. 1983) ("This is the best time for transfer since the legal issues involved in this action are now under test in the [transferee] court"). Plaintiffs in the California cases allege that Ernst & Young misclassified certain of its unlicensed employees as exempt from overtime under California law, and some members of the putative class in California are members of the putative class in *Sutherland*. Further, after nearly *five years* of substantial discovery and motion practice, Ernst & Young's opposition to plaintiffs' motion for class certification in the California cases is due on December 31. In *Sutherland*, Ernst & Young's opposition to class certification is due a week later, on January 7. The efficiency and consistency of having similar questions and the same evidentiary record considered by one court strongly supports a transfer. *See Nat'l Super Spuds, Inc. v. New York Mercantile Exch.*, 425 F. Supp. 665, 667 (S.D.N.Y. 1977) (related litigation in transferee district weighed heavily in favor of transfer because it facilitates efficient pretrial proceedings and discovery and also avoids duplicative litigation and inconsistent results); *James v. Prudential-Bache Securities, Inc.*, Nos. 90 Civ. 4995 (DNE), 90 Civ. 5505 (DNE), 1990 WL 180193, at *3 -5 (S.D.N.Y. Nov. 9, 1990) (same).

## CONCLUSION

Because plaintiff's action could have been brought in California by the same attorneys who have been litigating the three *Ho* actions for the past several years and because the balance of factors weigh heavily in favor of transfer, if arbitration is not compelled, *Sutherland* should be transferred to the Northern District of California.

Dated:  November 24, 2010

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP


By: /s/ Daniel L. Nash_____
Daniel L. Nash
Joel M. Cohn
Estela Díaz

Attorneys for defendant Ernst & Young LLP

CERTIFICATE OF SERVICE

      I hereby certify that, on November 24, 2010, I caused to be served via the Court's Electronic Case Filing system true and correct copies of the (1) <u>Notice of Motion</u>; (2) <u>Memorandum of Law in Support of Defendant Ernst & Young LLP's Motion to Transfer Venue</u>; (3) <u>Declaration of Gregory W. Knopp in Support of Defendant Ernst & Young LLP's Motion to Transfer Venue</u>; and (4) <u>Declaration of Michael P. McSherry</u> on registered counsel:

| | |
|---|---|
| Max Folkenflik, Esq. | Leon Marc Greenberg |
| Folkenflik & McGerity | Leon Greenberg |
| 1500 Broadway, 21st Floor | 633 South 4th Street #9 |
| New York, NY 10036 | Las Vegas, NV 89101 |
| mfolkenflik@fmlaw.net | wagelaw@aol.com |

Dated:  November 24, 2010
        New York, New York

                                          _____/s/_____
                                               Estela Díaz