UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE SUTHERLAND, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>ERNST & YOUNG LLP,<br><br>      Defendant. | Civ. Action No. 10-CV-3332 (KMW) |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF ERNST & YOUNG LLP'S MOTION TO TRANSFER VENUE

AKIN GUMP STRAUSS HAUER & FELD LLP

Daniel L. Nash
Joel M. Cohn
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Telephone: 202-887-4000
Facsimile: 202-887-4288
dnash@akingump.com
jcohn@akingump.com

Estela Díaz
One Bryant Park
New York, NY 10036
Telephone: 212-872-1000
Facsimile: 212-872-1002
ediaz@akingump.com

Attorneys for Defendant Ernst & Young LLP

## TABLE OF CONTENTS

Page

ARGUMENT ............................................................................................................................... 2
I.    TRANSFER IS WARRANTED. ...................................................................................... 2
       A.    LOCUS OF OPERATIVE FACTS ........................................................................ 3
       B.    CONVENIENCE OF WITNESSES ..................................................................... 4
       C.    PLAINTIFF'S CHOICE OF FORUM ................................................................... 5
       D.    THE INTERESTS OF JUSTICE ........................................................................... 5
II.   THIS MOTION IS TIMELY AND PROPER. .................................................................. 8
CONCLUSION ............................................................................................................................. 9

Plaintiff concedes that this action could have been brought in California and thus may be transferred there. The only dispute, therefore, is whether transfer to California would serve "the interests of justice" and promote convenience for the parties and witnesses.

Transfer unquestionably would serve these interests given the long-standing, related litigation in California. The respective actions involve potentially overlapping putative classes, as all of the plaintiffs, including Sutherland, purport to represent Assurance staff in California. They involve all the same lawyers, as Sutherland's counsel represents the California plaintiffs as well. They involve the same or similar laws, as both Sutherland and the California plaintiffs seek class certification under Federal Rule of Civil Procedure 23, and the various exemption laws are identical in most respects. And they involve nearly identical evidentiary records, as Sutherland has relied almost exclusively on the California witnesses and documentary evidence. As a result, absent transfer, two federal courts will contemporaneously decide class certification motions concerning overlapping putative classes by applying the same legal standards to the same evidentiary record. A more appropriate case for transfer is difficult to imagine.

Plaintiff's stated justification for insisting that two courts simultaneously adjudicate the overlapping actions is extraordinarily weak. She argues that her choice of forum is entitled to deference, but her preference should be afforded little weight in a nationwide class action, like this one, where putative class members, other potential witnesses, and the circumstances at issue are all scattered throughout the country. She also contends that New York is more convenient for the witnesses, but the history of this action proves decidedly otherwise. All the non-party witnesses who have testified thus far worked in California, not New York, and those who may later testify are dispersed throughout the country. Likewise, more of the party witnesses whose testimony plaintiff has cited are from California than New York.

In short, plaintiff has no legitimate reason for insisting that the overlapping actions proceed on separate, but parallel, tracks. She has done everything possible thus far to take advantage of the substantial overlap with the California actions, rather than prosecute her action independently. Her conduct demonstrates without question that this action is inextricably intertwined with the long-standing California actions. Plaintiff should not be permitted to obtain the benefits of consolidation while litigating separately in this forum, creating significant risks of duplicative litigation and inconsistent results.

If the Court does not compel arbitration of plaintiff's claims, it should transfer this action to California, so the court that is considering similar facts and issues in three related cases may adjudicate plaintiff's claims as well.

## ARGUMENT

I. TRANSFER IS WARRANTED.

The Court should exercise its "broad discretion" to transfer this action to the Northern District of California. *See CCM Pathfinder Pompano Bay, LLC v. Compass Fin. Partners LLC*, 396 B.R. 602, 608 (S.D.N.Y. 2008) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). Since there is no dispute that this action could have been brought there, the Court is left to decide whether transfer would be in the interests of justice and a convenience to the parties and witnesses. *See* 28 U.S.C. § 1404(a). There is "no rigid formula" for balancing the various factors that courts consider to determine whether to transfer an action, and no single factor is "determinative." *See Bassali v. Johnson Controls, Inc.*, 06-Civ-4149 (KMW), 2008 WL 45750, at *1 (S.D.N.Y. Jan. 2, 2008) (citation omitted). Instead, the factors "should be applied and weighed in the context of the individualized circumstances of the particular case." *See Scherillo v. Dun & Bradstreet, Inc.*, 684 F. Supp. 2d 313, 319 (E.D.N.Y. 2010).

The "individual circumstances" here clearly favor transfer, given that another court is evaluating the same issues based on the same evidence in earlier-filed cases. None of the factors plaintiff cites in opposing transfer can overcome the fact that her overlapping action creates significant risks of duplicative litigation and inconsistent results and thus belongs in California.

A.   Locus Of Operative Facts

Plaintiff places great emphasis on this factor, noting that its "critical importance" is "self-evident." But she effectively concedes that this factor should carry no independent weight because it simply reflects "the location of the witnesses to be called" and thus is "co-extensive" with the convenience factor. Opp. at 5. Since this factor is essentially a proxy for witness convenience, which is addressed below, it deserves little, if any, independent weight.

Plaintiff broadly asserts that "the appropriate venue for an action based upon national policies and practices is the place where Defendant's headquarters is located." *Id.* at 6. This purported rule—which plaintiff's counsel ignored when they sued Ernst & Young in California challenging its purported "national policies and practices"—is misplaced under the particular circumstances. First, none of the authority plaintiff cites for this proposition involved a long-standing, overlapping litigation brought by the same lawyers in a venue other than where the defendant was headquartered. By contrast, most of the cited authority involved transfer to near the defendant's headquarters due to the location of witnesses who (unlike here) had not already testified and the location of documents that (unlike here) had not already been produced. *See, e.g., Rindfleisch v. Gentiva Health Sys.*, No. 10-Civ-2111 (JFB), 2010 U.S. Dist. Lexis 107919, at *3-9 (E.D.N.Y. Oct. 8, 2010); *Farrior v. George Weston Bakeries Dist., Inc.*, No. 08-Civ-2705 (JFB), 2009 WL 113774, at *2 (E.D.N.Y. Jan. 15, 2009). Second, while plaintiff contends that the "operative facts" are Ernst Young's New York-based policies and practices, her class motion

3

demonstrates that evidence of such policies and practices is not New York-centric. For example, in her motion, plaintiff cites the testimony of two Ernst & Young Rule 30(b)(6) witnesses who were based in New York, compared to five such 30(b)(6) witnesses who were based in California or Washington. *See* Supplemental Declaration of Gregory W. Knopp ¶ 5. Finally, plaintiff has brought a nationwide class action that requires consideration of the job activities of individuals dispersed throughout the country. This, and not the policies of Ernst & Young, will be the primary focus of the litigation. For all these reasons, the location of Ernst & Young's headquarters is immaterial.

      B.     <u>Convenience Of Witnesses</u>

Plaintiff next argues that the convenience of the witnesses weighs against transfer. This argument ignores both the current discovery record and the scope of plaintiff's putative class.

First, with the exception of one person, the putative class member witnesses on whom plaintiff relies to support her class motion *all reside in California*, and none of them resides in New York. *See* Supp. Knopp Decl., Ex. A.

Second, as shown above, more of the Ernst & Young witnesses whom plaintiff cites concerning the firm's policies and practices are located in California than New York. And the Ernst & Young witnesses who reside in New York have already testified at deposition and, in any event, are party witnesses whose convenience is entitled to less weight.[1] *See Bassali*, 2008 WL 45750, at *1. Plaintiff should not be able to avoid transfer by touting the convenience of witnesses within Ernst & Young's control.

---

[1] Plaintiff has also already testified at deposition.

Third, because plaintiff has brought a nationwide collective action, any putative class members who may testify will be scattered throughout the country. The same is true for any Ernst & Young witnesses who testify about the work performed by those individuals.

Because all the non-party witnesses who have testified thus far reside in California, and because those who may later testify are scattered throughout the country, the convenience of the witnesses favors transfer. At a minimum, as plaintiff admits, if witnesses are located across the country, this would be a "neutral" factor in the analysis. Opp. at 8.

### C. Plaintiff's Choice Of Forum

Plaintiff also argues that her choice of forum strongly favors New York because some of the operative facts occurred in this district and plaintiff resides nearby. Opp. at 9. Plaintiff does not acknowledge, however, that her choice of forum is given less weight because it is brought as a putative class action. *See In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 398 (S.D.N.Y. 2006). The fact that plaintiff's counsel wished to be lead counsel in New York, and that Tim Hoffman wished to remain lead counsel in California, is irrelevant, *see* Declaration of Max Folkenflik ¶ 6 (Docket Entry No. 55), although it does shed light on why plaintiff's counsel filed in New York and is seeking to remain here.

### D. The Interests Of Justice

As discussed in Ernst & Young's opening brief, the interests of justice require transfer of this action to California, where for more than five years the parties have been litigating similar issues involving many of the same witnesses and putative class members. "[W]here facts and witnesses overlap with cases pending in the transferee district," courts regularly transfer cases. *See Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d at 398-99.

5

First, the same evidence will be used in the California actions and here, including, based on plaintiff's recently filed motion for class certification, the testimony of the same witnesses. Apart from different expert witnesses and plaintiff's own declaration, plaintiff has not cited testimony of any additional witnesses in her class motion. In addition, the documents upon which plaintiff is relying overlap those in California: 22 of the 31 exhibits used to support her class motion are the same as those used to support the class motion in California. *See* Supp. Knopp Decl. at ¶ 4.

Second, plaintiff's suggestion that the two cases involve entirely different job positions is false. The job positions at issue here are included in the potential class in the California actions: staff positions in the Assurance service line. While the California putative class includes other jobs as well, there is still substantial overlap in the witnesses and the evidence here and in California. Moreover, while plaintiff now contends that some of the job positions at issue in California are different from her own, plaintiffs in California are taking a contrary position: They are seeking a single, broader class, arguing that the jobs are sufficiently similar to permit the exemptions to be decided for all of them uniformly. *See* Knopp Decl., Ex. A at 3-4. These contrary positions taken in different forums are just one example of plaintiff's attempt to re-litigate the California actions in the instant action, and why the interests of justice require transfer.

Third, plaintiff's contention that the governing laws in the respective cases are entirely different is also inaccurate. Most notably, both cases involve class claims that will require the application of Rule 23. Absent transfer, two courts will contemporaneously decide class motions concerning overlapping putative classes by applying the same legal standards to nearly identical evidence. In addition, while the substantive law of California differs from that of the FLSA and

6

New York in some respects, most of the elements of the relevant exemptions are identical under the various laws. In fact, the California regulations regarding exemptions incorporate many of the federal regulations that interpret the FLSA. *See* Cal. Code Regs., Tit. 8, § 11040(1)(A)(2)(f) ("The activities constituting exempt work and non-exempt work shall be construed in the same manner as such terms are construed in the following regulations under the Fair Labor Standards Act effective as of the date of this order: 29 C.F.R. Sections 541.201-205, 541.207-208, 541.210, and 541.215.")

In short, in resolving class certification issues as well as the merits of plaintiffs' claims, absent transfer, two courts and juries would be required to apply identical or similar laws to a substantially similar factual record in separate cases involving many of the same putative class members. That plainly would not serve the interests of justice. *See James v. Prudential-Bache Securities, Inc.*, Nos. 90 Civ. 4995 (DNE), 90 Civ. 5505 (DNE), 1990 WL 180193, at *3 -5 (S.D.N.Y. Nov. 9, 1990) (far more efficient for single court to evaluate the same evidentiary record and apply the same or similar elements of law to that record). The interests of justice would be served here only by "allowing for a more efficient and consistent resolution of these actions." *See id.* at *5 (noting the risk of inconsistent determinations if action proceeded in separate district, where the judge in pre-existing action had already reviewed extensive briefs regarding class certification).

Transfer also would "obviate a number of practical problems that could arise" otherwise. *See id.* at *3. In fact, the availability of the *Ho* discovery in this case has recently highlighted the potential for such practical problems and inconsistent results. In *Ho*, plaintiffs filed the various exhibits in support of their class certification motion, including deposition testimony of Ernst & Young witnesses and documents produced by Ernst & Young, under seal. Supp. Knopp Decl. ¶

7

7. As discussed, *supra*, the majority of the exhibits filed in support of Sutherland's motion for class certification are the same deposition transcripts and documents used in the *Ho* motion. *Id.* at ¶ 4. Here, however, plaintiff is disputing the confidentiality designations of those exhibits. *Id.* at ¶ 2, 8. Thus, it is possible that documents already filed under seal in California will not be treated as confidential in New York, despite the fact that counsel is the same in both actions. The contrary positions taken by the same exact counsel underscore the reasons why this case should be transferred.

II.     THIS MOTION IS TIMELY AND PROPER.

Despite filing this action here when her lawyer had been litigating overlapping actions elsewhere for several years, plaintiff suggests that *Ernst & Young* is forum shopping, because it allegedly delayed in bringing this motion. Opp. at 2, 14-15. This argument is nonsensical, since plaintiff's counsel, not Ernst & Young, chose the transferee forum.

Plaintiff's accusation also misconstrues the procedural history in this case. Plaintiff ignores that a related case, *Mansberger*, was filed a month after *Sutherland*, and that the Court initially ordered the parties to brief whether *Mansberger* could have been brought in California before a transfer motion was filed. 6/29/10 Hearing Tr. 12:13-20, attached as Exhibit A to the Supp. Knopp Decl. The Court instructed the parties to brief that issue, because if *Mansberger* "could not have been brought in California then we're looking at a different transfer motion from the motion that [Ernst & Young] would otherwise file." *Id.* at 13:19-21. After the parties briefed this threshold issue, the Court would "decide where to go from there." *Id.* at 13:22-14:1.

As a result of that briefing, the Court ordered the parties in *Mansberger* to conduct limited jurisdictional discovery and set a briefing schedule for Ernst & Young's motion to dismiss *Mansberger* for lack of jurisdiction. 8/6/10 Order (Docket Entry No. 24). Ernst & Young filed its motion to dismiss consistent with the Court's schedule. In November 2010,

however, Mansberger decided not oppose the motion, and the Court then entered an order of dismissal of *Mansberger* on November 16, 2010. 11/16/10 Order (*Mansberger* Docket Entry No. 41). On November 24, Ernst & Young filed the instant motion to transfer, consistent with the briefing schedule the Court had set. *See* 11/5/10 Endorsed Letter (Docket Entry No. 48).

In short, Ernst & Young did not delay in bringing this motion, but rather simply complied with the Court's scheduling orders.

## CONCLUSION

Because plaintiff's action could have been brought in California, where her counsel has been actively prosecuting overlapping cases for years, and because the balance of factors weigh heavily in favor of transfer, if arbitration is not compelled, *Sutherland* should be transferred to the Northern District of California.

Dated: January 7, 2011

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Daniel L. Nash
    Daniel L. Nash
    Joel M. Cohn
    Estela Díaz

    Attorneys for defendant Ernst & Young LLP