UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE SUTHERLAND, on behalf of herself and all others similarly situated,<br><br>                            Plaintiff,<br><br>      v.<br><br>ERNST & YOUNG LLP,<br><br>                            Defendant. | Civ. Action No. 10-CV-3332 (KMW)<br><br>**AMENDED DECLARATION OF GREGORY W. KNOPP IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |

## DECLARATION OF GREGORY W. KNOPP

I, Gregory W. Knopp, hereby declare:

1. I am a partner at the law firm of Akin Gump Strauss Hauer & Feld LLP, and counsel of record for defendant Ernst & Young in this action. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would testify competently to these facts under oath. I submit this declaration in support of Ernst & Young's Opposition to Motion for Class Certification.

2. In September 2005, Plaintiff David Ho filed a lawsuit claiming that Ernst & Young had misclassified him as exempt from California's overtime laws.

3. In July 2007, Ho amended his complaint to add three plaintiffs, including Sarah Fernandez.

4. In July 2007, Ernst & Young moved for summary judgment, and the Court granted the motion, holding that, as a matter of law, Ho satisfied the administrative exemption. Attached hereto as **Exhibit 1**, for the Court's convenience, is a true and correct copy of the Order Granting Defendant's Motion for Summary Judgment, dated March 4, 2008 (in citations, hereinafter referred to as "*Ho*").

5. Joseph Landon filed a duplicative class action in February 2008.

6. On March 21, 2008, Ernst & Young moved for summary judgment as to Fernandez on all causes of action. Attached hereto as **Exhibit 2,** for the Court's convenience, is a true and correct copy of the Order Denying Defendant's Motion for Summary Judgment, dated January 15, 2009.

7. In June 2008, Ho's counsel filed a nearly identical class action in Sacramento County Superior Court on behalf of Michelle Richards.

8. On August 8, 2008, Ernst & Young removed the *Richards* action to federal court and had it transferred to this Court, where it was consolidated with *Ho* for class certification purposes.

9. Richards seeks damages in excess of $175,000. A true and correct copy of Plaintiff Richards' Initial Disclosures dated March 31, 2009 is attached hereto as **Exhibit 3**.

10. In April 2010, Sutherland filed a lawsuit claiming that Ernst & Young had misclassified her as exempt from federal and New York overtime laws. The same lawyers as in California filed the instant action on behalf of Sutherland.

11. On August 20, 2010, Fernandez and Richards moved for class certification. The class includes individuals in the "staff 1" and "staff 2" job positions who performed audits in California.

12. In December 2010, Sutherland moved for class certification, supporting her motion almost exclusively with the same evidence that the *Ho* plaintiffs use to support their own class motion. In fact, Sutherland submits 8 declarations obtained from putative class members in *Ho*, and *none* from individuals who worked for Ernst & Young in New York or anywhere else outside of California. These witnesses state in their declarations that they want to be part of a class action in California

13. Attached hereto as **Exhibit 4** are true and correct copies of the relevant pages of the Deposition Transcript of Nancy Altobello dated December 14, 2007.

14. Attached hereto as **Exhibit 5** are true and correct copies of the relevant pages of the Deposition Transcript of Michael Bertolino dated February 13, 2008.

15. Attached hereto as **Exhibit 6** are true and correct copies of the relevant pages of the Deposition Transcript of Mark Borowski dated December 19, 2007.

16. Attached hereto as **Exhibit 7** are true and correct copies of the relevant pages of the Deposition Transcript of Mike Bryant dated November 29, 2007.

17. Attached hereto as **Exhibit 8** are true and correct copies of the relevant pages of the Deposition Transcript of Sarah Fernandez dated January 16, 2008;

18. Attached hereto as **Exhibit 9** are true and correct copies of the relevant pages of the Deposition Transcript of Scot Glover dated November 20, 2007.

19. Attached hereto as **Exhibit 10** are true and correct copies of the relevant pages of the Deposition Transcript of Stephen Morris dated October 22, 2010.

20. Attached hereto as **Exhibit 11** are true and correct copies of the relevant pages of the Deposition Transcript of Peter Rothacker dated October 22, 2010.

21. Attached hereto as **Exhibit 12** are true and correct copies of the relevant pages of the Deposition Transcript of Stephanie Sutherland dated December 17, 2010, including Exhibits 1 and 6 to the transcript.

22. Attached hereto as **Exhibit 13** are true and correct copies of the relevant pages of the Deposition Transcript of Douglas Carmichael dated October 25, 2010.

23. Attached hereto as **Exhibit 14** are true and correct copies of the relevant pages of the Deposition Transcript of Paul Sachs dated November 15, 2010.

24. Attached hereto as **Exhibit 15** is a true and correct copy of the Expert Report of Douglas Carmichael.

25. Attached hereto as **Exhibit 16** is a true and correct copy of the Rebuttal Report of Paul Sachs.

26. Attached hereto as **Exhibit 17** is a true and correct copy of the relevant pages of the Deposition Transcript of Carl DiNicola dated February 12, 2008.

27. Three of the witnesses on whose declarations Plaintiffs rely—Mohamad Alsheleh, Zachariah Stout and Sharon Pham—were not available for depositions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 25th day of January, 2011, at Los Angeles, California.

_____/s/_____
Gregory W. Knopp

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that, on January 25, 2010 I caused to be served via the Court's Electronic Case Filing system a true and correct copy of the Amended Declaration of Gregory W. Knopp on registered counsel:

| | |
|---|---|
| Max Folkenflik, Esq.<br>Folkenflik & McGerity<br>1500 Broadway, 21st Floor<br>New York, NY 10036<br>mfolkenflik@fmlaw.net | Leon Marc Greenberg<br>Leon Greenberg<br>633 South 4th Street #9<br>Las Vegas, NV 89101<br>wagelaw@aol.com |

Dated:  January 21, 2010
           New York, New York

                                        _____/s/_____
                                             Estela Díaz