UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE SUTHERLAND, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>ERNST & YOUNG LLP,<br><br>                              Defendant. | Civ. Action No. 10-CV-3332 (KMW)(MHD) |

ERNST & YOUNG LLP'S MOTION FOR RECONSIDERATION

AKIN GUMP STRAUSS HAUER & FELD LLP

Daniel L. Nash
Joel M. Cohn
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Telephone: 202-887-4000
Facsimile: 202-887-4288
dnash@akingump.com
jcohn@akingump.com

Estela Díaz
One Bryant Park
New York, NY 10036
Telephone: 212-872-1000
Facsimile: 212-872-1002
ediaz@akingump.com

Attorneys for Defendant Ernst & Young LLP

## TABLE OF CONTENTS

**Page**

STANDARD ....................................................................................................................... 1

ARGUMENT ..................................................................................................................... 2

I.     THE ARBITRATION AGREEMENT AND ERNST & YOUNG'S STIPULATION LEAVE NO DOUBT THAT SUTHERLAND'S ATTORNEY'S FEES AND COSTS ARE RECOVERABLE IN ARBITRATION. ..................................... 2

II.    NEW EVIDENCE CONTRADICTS THE DECLARATIONS THAT THE COURT RELIED ON IN ITS ORDER. ................................................................. 5

III.   THE SECOND CIRCUIT'S RECENT DECISION IN *AMERICAN EXPRESS II* JUSTIFIES RECONSIDERATION. ................................................................... 8

CONCLUSION ................................................................................................................. 11

# **TABLE OF AUTHORITIES**

Page(s)

CASES

*Arrigo v. Blue Fish Commodities*,
 No. 10-829-CV, 2011 WL 350478 (2d Cir. Feb. 7, 2011) ......................................................3

*Atl. States Legal Found., Inc. v. Karg Bros.*,
 Inc., 841 F. Supp. 51 (N.D.N.Y. 1993)..................................................................................2

*Bradford v. Rockwell Semiconductor Sys., Inc.*,
 238 F.3d 549 (4th Cir. 2001) .................................................................................................5

*Busgith v. Hudson News Co.*,
 No. 0015087/2005, 2008 WL 1771788 (Sup. Ct. N.Y. Apr. 8, 2008)....................................7

*Carter v. Countrywide Credit Indus., Inc.*,
 362 F.3d 294 (5th Cir. 2004) .................................................................................................3

*Christianburg Garment Co. v. EEOC*,
 434 U.S. 412 (1978) ..............................................................................................................3

*Dorchester Fin. Sec. v. Banco BRJ, S.A.*,
 No. 02-Civ-7504 (KMW), 2010 WL 2483983 (S.D.N.Y. June 16, 2010) ..........................1, 2

*E.E.O.C. v. Rappaport, Hertz, Cherson & Rosenthal, P.C.*,
 448 F.Supp.2d 458 (E.D.N.Y. 2006) .....................................................................................5

*Estrella v. P.R. Painting Corp.*,
 596 F. Supp. 2d 723 (E.D.N.Y. 2009) ...................................................................................7

*Fegley v. Higgins*,
 19 F.3d 1126 (6th Cir. 1994) ..............................................................................................3, 7

*Green Tree Fin. Corp.-Ala. v. Randolph*,
 531 U.S. 79 (2000)..................................................................................................................4

*Grochowski v. Ajet Const. Corp.*,
 No. 97 CIV. 6269 (NRB), 2002 WL 465272 (S.D.N.Y. Mar. 27, 2002) ....................2, 6, 7, 9

*In re American Express Merchs.' Litig.*,
 554 F.3d 300 (2d Cir. 2009) ..................................................................................................8

*In re American Express Merchs.' Litig.*,
 No. 06-1871-CV, 2011 WL 781698 (2d Cir. Mar. 8, 2011) .........................................4, 8, 10

*Medina v. Unlimited Sys., LLC*,
   No. 3:09cv1430 (MRK), 2010 WL 5253530 (D.Conn. Dec. 15, 2010) ...................7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) ..............................................................................................10

*Safeco Ins. Co. of America v. M.E.S., Inc.*,
   09-CV-3312 (ARR), 2010 WL 5464894 (E.D.N.Y. Dec. 29, 2010) .........................8

*Soler v. G & U, Inc.*,
   658 F. Supp. 1093 (S.D.N.Y. 1987) .......................................................................3

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
   130 S.Ct. 1758 (2010) ...........................................................................................8

*Vazquez v. Ranieri Cheese Corp.*,
   No. 07-CV-464 (ENV), 2011 WL 554695 (E.D.N.Y. Feb. 7, 2011) .........................7

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
   956 F.2d 1245 (2d Cir. 1992) .................................................................................2

*Wright v. U-Let-Us Skycap Servs., Inc.*,
   648 F. Supp. 1216 (D. Colo. 1986) ........................................................................7

STATUTES

9 U.S.C.
   § 16(a) ...................................................................................................................1

29 U.S.C.
   § 216(b) .................................................................................................................2

N.Y. Labor Law
   § 663 .....................................................................................................................2

OTHER AUTHORITIES

Federal Rule of Civil Procedure 59(e) .........................................................................1

Federal Rule of Civil Procedure 54 .............................................................................1

Local Rule 6.3 ..............................................................................................................1

Ernst & Young LLP moves this Court pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 6.3 to reconsider its order entered March 3, 2011 denying Ernst & Young's motion to dismiss, or in the alternative, stay proceedings and compel arbitration (the "Order"). In the Order, the Court held that the parties' arbitration agreement is unenforceable because it would prevent Sutherland from vindicating her statutory rights, due to the unavailability of class claims in arbitration and the costs of pursuing an individual claim. Order at 3-4.

Ernst & Young respectfully requests reconsideration of the Order on three grounds. First, the Court committed clear error by adopting Sutherland's mischaracterization of the arbitration agreement and overlooking Ernst & Young's related stipulation regarding attorney's fees and costs, which made clear that those fees and costs are recoverable in arbitration to the same extent as in court. Second, new facts arising after the Court entered the Order contradict evidence on which the Court relied in concluding that Sutherland could not pursue an individual claim and could not find a lawyer to represent her in that circumstance. Third, the Second Circuit's recent decision in *American Express* is intervening controlling law concerning a plaintiff's burden in attempting to avoid arbitration to which she agreed. As shown below, Sutherland has not satisfied her burden under *American Express*.

## STANDARD

Federal Rule of Civil Procedure 59(e) permits modification of a "judgment," which is defined by Rule 54 to include "any order from which an appeal lies." Because the denial of a motion to compel arbitration is immediately appealable (*see* 9 U.S.C. § 16(a)), this motion is properly brought under Rule 59(e).

Motions to alter or amend judgments under Rule 59(e) and for reconsideration under Local Rule 6.3 are evaluated under the same standard. *Dorchester Fin. Sec. v. Banco BRJ, S.A.*, No. 02-Civ-7504 (KMW), 2010 WL 2483983, at *2 (S.D.N.Y. June 16, 2010). They may be

brought on three grounds: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992); *Atl. States Legal Found., Inc. v. Karg Bros.*, Inc., 841 F. Supp. 51,53 (N.D.N.Y. 1993). The "decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Dorchester*, 2010 WL 2483983, at *2.

## ARGUMENT

I.  The Arbitration Agreement And Ernst & Young's Stipulation Leave No Doubt That Sutherland's Attorney's Fees And Costs Are Recoverable In Arbitration.

The Court committed clear error by finding that Sutherland would be unable to vindicate her statutory rights due "largely" to the arbitration agreement's "obstacles to reimbursement of fees and expenses." Order at 10. The undisputed record shows that the agreement includes no such obstacles and, in fact, ensures that fees and costs are recoverable in arbitration to the same degree as in court.

First, the Court erred in finding that "[w]hether attorney's fees and expenses incurred during arbitration are compensable is subject to the discretion of arbitrators." Order at 10 (emphasis in original). In fact, the agreement states that the "Arbitrator will have authority to provide for reimbursement of the Employee's attorney's fees, in whole or in part, *in accordance with applicable law* or in the interest of justice." Reece Decl. (Docket No. 29), Ex. D ¶ IV.P.3 (emphasis added). The "applicable law" here, the Fair Labor Standards Act ("FLSA"), provides for a "reasonable attorney's fee to be paid by the defendant, and costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b); *see also* N.Y. Labor Law § 663 (providing for an award of costs and reasonable attorney's fees to a prevailing plaintiff). This provision makes an "award *mandatory* and the amount discretionary." *Grochowski v. Ajet Const. Corp.*, No. 97 CIV. 6269

2

(NRB), 2002 WL 465272, at *1 (S.D.N.Y. Mar. 27, 2002) (emphasis added); *Soler v. G & U, Inc.*, 658 F. Supp. 1093, 1097 (S.D.N.Y. 1987) (citing *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 415 n. 5 (1978) (same); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (same); *see also* Reply (Docket No. 39) at 2-3 (citing *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 299 (5th Cir. 2004) (arbitrator required to award plaintiffs attorney's fees and costs under FLSA where arbitrator could "in his or her discretion, permit the prevailing party to recover fees and costs only to the extent permitted by applicable law."))  Accordingly, if Sutherland prevails, the arbitrator *must* award her attorney's fees in accordance with the applicable laws.

Second, the Court erred in finding that the agreement's "fee-shifting provisions present little possibility of being made whole" in arbitration.  Order at 10.  Although the arbitration agreement already provides for Sutherland's recovery of attorney's fees and costs, Ernst & Young stipulated, to remove any conceivable doubt, that Sutherland "is entitled to recover in arbitration *any* fees and costs that she could recover in court if she prevails on her claims."  Reply at 5 (emphasis added).  While the Court acknowledged Ernst & Young's stipulation regarding administrative costs and arbitrator fees (Order at 8, n. 6), it overlooked the related stipulation regarding attorney's fees and costs, even though such stipulations are valid under Second Circuit law.[1]  Reply at 6; *see also Arrigo v. Blue Fish Commodities*, No. 10-829-CV, 2011 WL 350478 (2d Cir. Feb. 7, 2011) (rejecting argument that arbitration agreement was unconscionable because it "could be interpreted" to require plaintiff to indemnify defendant for costs, where employer waived any entitlement to indemnification).  In short, the agreement and

---

[1]  Ernst & Young further stipulates that, if she prevails in arbitration, Sutherland may recover any expert fees reasonably necessary to prosecute her individual claim, up to the $33,500 estimated by her current class expert.  *See* Carmichael Decl. (Docket No. 32) ¶ 5.

3

stipulation make clear that Sutherland's "possibility of being made whole" would be exactly the same in arbitration as in court.

Third, the Court erred to the extent that it adopted Sutherland's mischaracterization of the agreement regarding "fee-shifting provisions." Order at 10. In her sur-reply, Sutherland stated that in "arbitration, unlike Court, in addition to attorney's fees and costs, Plaintiff faces the additional risk of a massive multi-hundred thousand dollar fee shifting award, unavailable in Court." Sur-Reply (Docket No. 40) at 2. However, there are *no* fee-shifting provisions in the agreement that could result in Sutherland being liable for Ernst & Young's attorney's fees if she loses. *See* Reece Decl., Ex. D ¶ IV.P. While Sutherland may recover her attorney's fees just as in court, the arbitrator has no authority to order her to pay Ernst & Young's fees. *See id.* ¶ IV.P.3. Nor can the arbitrator order Sutherland to pay arbitrator fees and costs. *Id.* ¶ IV.P.2. In fact, the agreement provides that the portion of the arbitrator fees and costs to be paid by an employee "will be adjusted to the extent, if any, necessary for the parties' agreement to be enforced." *Id.*

In short, the undisputed record shows that the agreement creates no obstacles to Sutherland's ability to recover fees and expenses in arbitration. Rather, arbitration would present no costs above and beyond those that would be incurred in court. The Court's findings to the contrary are clearly erroneous.

Clear of Sutherland's mischaracterizations of the arbitration agreement, the record clearly "does not show that [Sutherland] would bear [large arbitration costs] if she goes to arbitration," as the Supreme Court required. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 90 (2000); *In re American Express Merchs.' Litig.* ("*Amex II*" or "*American Express II*"), No. 06-1871-CV, 2011 WL 781698, at *9 (2d Cir. Mar. 8, 2011) (noting that *Randolph* is "controlling" regarding a

party's burden to show the likelihood of incurring prohibitive arbitration costs). Under *Randolph*, the:

> appropriate inquiry is one that evaluates whether the arbitral forum in a particular case is an adequate and accessible substitute to litigation, i.e., a case-by-case analysis that focuses, among other things, upon the claimant's ability to pay the arbitration fees and costs, *the expected cost differential between arbitration and litigation in court*, and whether that cost differential is so substantial as to deter the bringing of claims.

*Bradford v. Rockwell Semiconductor Sys., Inc.*, 238 F.3d 549, 556 (4th Cir. 2001) (emphasis added); *E.E.O.C. v. Rappaport, Hertz, Cherson & Rosenthal, P.C.*, 448 F.Supp.2d 458, 462-63 (E.D.N.Y. 2006) ("Most district courts in the Second Circuit have adopted [*Bradford*'s] case-by-case analysis that focuses on the claimant's ability to pay the arbitration fees and costs and the expected cost differential between arbitration and litigation.") (citing cases).

Because the agreement and stipulation ensure that she could recover fees and costs in arbitration to the same extent as in court, Sutherland has not satisfied her burden of showing a cost differential between arbitration and litigation that is so substantial that she would be precluded from arbitrating her claims. Accordingly, Ernst & Young's motion should be granted.

II.   <u>New Evidence Contradicts The Declarations That The Court Relied On In Its Order</u>.

The Court also should reconsider the Order because new evidence has come to light after the Order was entered. In the Order, the Court determined that the parties' arbitration agreement is unenforceable because it precludes class arbitration and, due to the cost of pursuing an individual claim, "would effectively prohibit [Sutherland] from bringing suit at all." Order at 3. The Court found that Sutherland could not reasonably pursue an individual claim and could not retain an attorney to do so. *Id.* at 10. This conclusion was based on declarations submitted by Sutherland stating "I surely would drop my claims if I am compelled to proceed in arbitration"

5

(Sutherland Dec. ¶ 2) and that her counsel does "not know any attorney who would agree to represent a client under such circumstances" (Folkenflik Dec. ¶ 27).  *See* Order at 8, 10.

Contrary to the declarations she submitted in September, Sutherland expressed interest in pursuing an individual action at a hearing before Magistrate Judge Dolinger on March 4, the day after the Court entered the Order.  That hearing concerned a dispute regarding discovery requests Sutherland served after moving for class certification.  Ernst & Young argued that the dispute should be deferred until after the class motion is decided, because if that motion is denied, only Sutherland's individual claim will remain, and thus the discovery she seeks will be moot.  But Sutherland argued that discovery should proceed because it would be proper regardless of the decision on class certification.  This is true, her counsel stated, because "[c]ertainly we'd still have the plaintiff's claim that we could pursue" and:

> Some of the documents requests would be appropriate to be identified with respect to the plaintiff alone.  In fact, virtually all of them.  In other words, when I ask them to define primary duties of the class, obviously if it were just Ms. Sutherland, they should define the primary duty of Ms. Sutherland.

3/4/11 Hearing Tr. (Docket No. 81) at 59:8-23.  After Ernst & Young pointed out that Sutherland had previously represented to the Court that she could *not* proceed with an individual action and could not find a lawyer to represent her (*id.* at 63:24-64:16), her counsel reiterated that discovery regarding Sutherland's individual claim should proceed, proposing that Ernst & Young "answer the interrogatories as to Ms. Sutherland specifically." *Id.* at 71:16-20.

Sutherland's interest in pursuing an individual action is entirely consistent with lawsuits routinely filed by other plaintiffs.  Given that a prevailing plaintiff is entitled to recover reasonable attorney's fees, plaintiffs commonly file overtime claims where the potential recovery is relatively low.  *See Fegley*, 19 F.3d at 1130 (single plaintiff represented by attorney was awarded $3,840 under the FLSA, and an equal amount in liquidated damages); *Grochowski*,

6

2002 WL 465272, at *1 (jury awarded five individual plaintiffs a total of $13,000 in unpaid overtime wages, which was doubled to $26,000); *Wright v. U-Let-Us Skycap Servs., Inc.*, 648 F. Supp. 1216, 1223 (D. Colo. 1986) (eleven plaintiffs represented by attorney collectively recovered $39,901.31 in damages under the FLSA); *Busgith v. Hudson News Co.*, No. 0015087/2005, 2008 WL 1771788, at *9 (Sup. Ct. N.Y. Apr. 8, 2008) (single plaintiff sought $5,435.59 in overtime pay); *Vazquez v. Ranieri Cheese Corp.*, No. 07-CV-464 (ENV), 2011 WL 554695, at *1,4 (E.D.N.Y. Feb. 7, 2011) (two plaintiffs represented by attorney awarded approximately $32,000 for unpaid wages, liquidated damages, and prejudgment interest under the FLSA); *Medina v. Unlimited Sys., LLC*, No. 3:09cv1430 (MRK), 2010 WL 5253530, at *1 (D.Conn. Dec. 15, 2010) (nine plaintiffs represented by attorney awarded a total of $49,707.94 in damages under the FLSA).[2]

In fact, the "fee provisions contained in the FLSA and New York Labor Law were designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements." *See Vazquez*, 2011 WL 554695, at *4 (citing *Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009)); *see also Grochowski*, 2002 WL 465272, at *2 (citing *Fegley*, 19 F.3d at 1134-35 (6th

---

[2] Sutherland's interest in pursuing an individual claim is consistent with evidence that arose after the arbitration motion was submitted that other current or former Ernst & Young employees also are interested in pursuing individual overtime claims. First, when she served her class certification motion in December 2010, Sutherland submitted declarations from eight former employees who testified that they "may, if class certification is denied, seek to bring an individual lawsuit against the defendant." *See, e.g.,* Declaration of Mohamad Alsheleh ¶ 1. Second, after the arbitration motion was fully briefed, two Ernst & Young employees initiated individual arbitrations pursuant to the agreement, claiming that they were misclassified as exempt under federal or state overtime laws. Both employees are represented by counsel. Ernst & Young respectfully requests permission to submit a declaration regarding these arbitrations for the Court's consideration.

7

Cir. 1994) (noting that an award of attorney fees under the FLSA "encourage[s] the vindication of congressionally identified policies and rights" and that courts have "upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages.")

In short, Sutherland and her counsel now acknowledge that "we *could* pursue" an individual action and, indeed, they demand that Ernst & Young proceed with discovery specific to that circumstance. Their statements contradict Sutherland's evidence, on which the Court relied, that she "surely" would not pursue an individual claim and that no attorney would represent her. Because new evidence contradicts the factual basis for the Order's pivotal conclusion—that Sutherland could not pursue an individual action—Ernst & Young respectfully requests reconsideration. *See Safeco Ins. Co. of America v. M.E.S., Inc.*, 09-CV-3312 (ARR), 2010 WL 5464894, at *4-5 (E.D.N.Y. Dec. 29, 2010) (granting motion for reconsideration on basis of new documents produced after court entered its order). Further, because it is now clear that Sutherland "could" pursue an individual action, Ernst & Young's motion to enforce the parties' agreement should be granted.

III.   The Second Circuit's Recent Decision in *American Express II* Justifies Reconsideration.

Five days after the Court entered the Order, the Second Circuit issued its opinion in *Amex II*. The case was before the Second Circuit after the Supreme Court granted the defendant's writ for certiorari and vacated and remanded *In re American Express Merchs.' Litig.* ("*Amex I*"), 554 F.3d 300 (2d Cir. 2009), in light of *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S.Ct. 1758 (2010). The *Amex II* court held that the arbitration provision in that case was unenforceable because the "class action waiver" prevented the plaintiffs from vindicating their statutory rights. 2011 WL 781698, at *12. Based substantially on the affidavit of the plaintiffs' expert witness, the *Amex II* court found that the plaintiffs had met their burden of establishing that they could not arbitrate their claims on an individual basis. *Id.* at *10-11. This intervening decision, which

8

explains the burden applicable to Sutherland, is now the governing law in the Second Circuit and warrants reconsideration of the Order for two reasons.

First, under *Amex II*, Sutherland has not made an adequate showing regarding her potential damages. In contrast to the *Amex* plaintiffs, whose expert estimated the total actual damages for both a median named plaintiff and the named plaintiff with the largest amount of damages, Sutherland purposefully underestimated her alleged damages in arguing that her agreement to arbitrate should not be enforced. Specifically, she refused to account for the overtime hours she allegedly worked but did not record, even though this information is exclusively within her control. Folkenflik Decl. (Docket No. 34) ¶ 8 (computation of $1,867.02 in overtime damages "does not include additional overtime hours which Ms. Sutherland will testify she worked, but did not document, either because she was instructed not to, or for other reasons.") In her complaint, Sutherland claims that she "often worked 45 to 50 hours in one week," which stands in stark contrast to the 42 hours average that yielded her $1,867.02 figure. Compl. ¶ 16. Only Sutherland can know whether she worked an average of five, or ten, or more hours of unrecorded overtime each week. *Cf. Grochowski*, 2002 WL 465272, at *3 (finding that plaintiffs who failed to testify at trial did not prove overtime damages "since the number of hours worked by each individual plaintiff was personal to him").

In short, Sutherland has every intention of seeking damages in an amount greater than she disclosed in attempting to avoid arbitration, as well as liquidated damages and interest on those undisclosed amounts. She should not be held to have satisfied her burden of proving that arbitration would be prohibitively expensive, as *Amex II* requires, when she failed to disclose the full value of her claims. In fact, permitting a plaintiff to avoid her agreement to arbitrate by

9

simply understating the damages she seeks would undermine the "liberal federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

Second, under *Amex II*, Sutherland has not adequately demonstrated her need for an expert to litigate or arbitrate her individual wage and hour claims. Her expert showing does not approximate the showing made by the expert in *Amex II*. The expert in *Amex II* opined:

> Due to the complexity and analytical intensity of an antitrust study, total expert fees and expenses usually are substantial, *even in a non-class action involving an individual plaintiff.* In my experience, even a relatively small economic antitrust study will cost at least several hundred thousand dollars, while a larger study can easily exceed $1 million. . . . In summary, the cost of . . . expert assistance in *individual plaintiff antitrust cases* has ranged from about $300 thousand to more than $ 2 million.

2011 WL 781698, at *10 (emphasis added). Unlike the *Amex II* expert, Sutherland's expert did not suggest that an expert report was necessary to prosecute an individual overtime claim. Instead, he merely described the topics that he understood his testimony would cover. Carmichael Decl. (Docket No. 32) ¶ 2. Sutherland and her lawyer have simply expressed a preference for prosecuting an individual claim with the aid of expert testimony. Further, in *Amex II*, the expert in his "opinion as a professional economist" stated " it would not be worthwhile for an individual plaintiff . . . to pursue individual arbitration or litigation where the out-of-pocket costs, just for the expert economic study and services, would be at least several hundred thousand dollars, and might exceed $ 1 million." 2011 WL 781698, at *11. But unlike the *Amex II* expert, Dr. Carmichael, an expert in accounting, did not opine that an "economically rational" plaintiff would not pursue an individual claim. *See id.* at *10. For this reason as well, Sutherland has not met her burden as set forth in *Amex II*, which is now the law of this Circuit.

## **CONCLUSION**

For the foregoing reasons, Ernst & Young requests that the Court reconsider the Order denying its motion to dismiss plaintiff's complaint and compel the arbitration of her individual claims pursuant to the FAA, or in the alternative, stay proceedings while her individual claims are arbitrated.

Dated:  March 31, 2011                                   Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP


By:  /s/ Daniel L. Nash_____
       Daniel L. Nash
       Joel M. Cohn
       Estela Díaz

Attorneys for defendant Ernst & Young LLP

2

**CERTIFICATE OF SERVICE**

      I hereby certify that, on March 31, 2010 I caused to be served via the Court's Electronic Case Filing system true and correct copies of the Notice of Motion of Ernst & Young LLP's Motion for Reconsideration and Ernst & Young LLP's Motion for Reconsideration on registered counsel:

| | |
|---|---|
| Max Folkenflik, Esq. | Leon Marc Greenberg |
| Folkenflik & McGerity | Leon Greenberg |
| 1500 Broadway, 21st Floor | 633 South 4th Street #9 |
| New York, NY 10036 | Las Vegas, NV 89101 |
| mfolkenflik@fmlaw.net | wagelaw@aol.com |

Dated:  March 31, 2011
        New York, New York

                                              _____/s/_____
                                                 Estela Díaz