UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**STEPHANIE SUTHERLAND**, on behalf of herself
and all others similarly situated,

                       Plaintiff,

- against -

**ERNST & YOUNG LLP**,

                       Defendant.

Index No. 10 CV 3332 (KMW)

---

# PLAINTIFF'S MEMORANDUM OF LAW
# IN OPPOSITION TO DEFENDANT'S MOTION FOR
# RECONSIDERATION OF ITS MOTION TO COMPEL ARBITRATION

FOLKENFLIK & MCGERITY
1500 BROADWAY
21ST FLOOR
NEW YORK, NEW YORK  10036

ATTORNEYS FOR PLAINTIFF,
STEPHANIE SUTHERLAND

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................. 3

    A.    The Alleged New Law in Amex II which Merely Restates
         Prior Law in Amex I on which this Court Relied ........................................................ 4

    B.    Defendant's Impermissible and Frivolous Attempt to
         Manufacture New Evidence By Misciting the Record ................................................ 6

    C.    There is No Reason to Believe the Court Adopted an
         Erroneous View of "Fee Shifting" or Overlooked Defendant's
         Concession on Attorney's Fees, and It Is Clear Those Issues
         Were Not Controlling On The Court's Prior Decision ................................................ 7

CONCLUSION ........................................................................................................................ 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHANIE SUTHERLAND, on behalf of herself and all others similarly situated,<br><br>                                    Plaintiff,<br><br>- against -<br><br>ERNST & YOUNG LLP,<br><br>                                    Defendant. | Index No. 10 CV 3332 (KMW) |

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION FOR
RECONSIDERATION OF ITS MOTION TO COMPEL ARBITRATION**

      Plaintiff, Stephanie Sutherland by her attorneys Folkenflik & McGerity, submit this Memorandum of Law in Opposition to the Motion by Defendant, Ernst & Young for reconsideration of its Motion to stay or dismiss this case and compel arbitration.

## INTRODUCTION

      In a carefully reasoned 12 page opinion, this Court denied Defendant's motion to stay or dismiss and compel arbitration based upon the unchallenged evidence of the likely costs and potential recovery in an arbitration pursued as to Plaintiff's individual claim only. The Court concluded that the class action waiver in the Defendant's arbitration agreement was unenforceable because arbitration would be so "prohibitively" expensive that "[o]nly a 'lunatic or a fanatic' would undertake such an endeavor." On the last permissible day on which to file for reconsideration, Defendant filed a frivolous motion which wastes the time of the Court and the litigants. Defendant sought to come within the narrow strict standards for reconsideration by claiming there is "new" law, "new" evidence, and the Court overlooked dispositive facts and law.

However the new case, the decision of the Second Circuit in *Nat'l Supermarkets Assoc. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 634 F.3d 187 (2d Cir. 2011) ("*Amex II*"), is not a change of the law at all. It merely reiterates the prior opinion of the Second Circuit in *In re American Express Merchants Litigation*, 554 F.3d 300 (2d Cir. 2009)("*Amex I*"), on which this Court relied in its opinion.

The "new" evidence, is not evidence at all, but is manufactured through misleading quotation and cited as a concession by counsel to "prove" that counsel would pursue individual arbitration. Any such suggestion is clearly false as the complete quotation clearly shows.

Finally, Defendant claims that the Court overlooked facts undeniably discussed in the Court's opinion and none of the other arguments it raises are material to the Court's opinion. While the Court is, of course, the ultimate judge of whether any matter was overlooked or would be material to the Court's decision, nothing raised by Defendant's papers comes close to demonstrating any such failure in the prior opinion.

Defendant's motion is patently an impermissible effort to "obtain a rehearing on the merits with regard to issues already decided," albeit sometimes with some additional new authorities (also impermissible). With respect to those arguments, Defendant again continues to be burdened by the fallacy that the relevant comparison for the Court on the arbitration motion was between and individual arbitration and an individual litigation. In fact, however, as the Second Circuit made clear in *Amex II*, and previously in *Amex I*, where the arbitration clause contains, as here, a class action waiver, the relevant comparison is between an *individual arbitration* and a *class litigation*.

Defendant also ignores "the risk of losing, and thereby not recovering any fees," (*see*, Opinion at 5), and Plaintiff's inability to fund the litigation, even if fees were fully recoverable (Opinion at 10). Both of those factors played significant roles in the Court's prior decision. Defendant also disregards entirely its failure to submit any evidence contradicting Plaintiff's evidence of the expense of proceeding in arbitration (Opinion at 7-8) or the fact that no attorney would incur that expense on a contingency basis. (Opinion at 10-11). Those matters also played critical roles in the Court's decision. As a result of these failures, among others, even if the Court were to ignore governing standards and grant reconsideration in the absence of the necessary showing, Defendant's motion would nonetheless be denied.

It cannot be said with certainly whether Defendant has a subjective belief that its motion could be granted. What can be said with certainty it that objectively speaking there is no reasonable basis for any such conclusion. Accordingly, Plaintiff respectfully requests that the motion for reconsideration be denied.

## ARGUMENT

This Court recently has explained the standard to be applied on a motion for reconsideration under Rule 6.3 of the Local Rules for the Southern District of New York.

> The standard for a motion for reconsideration pursuant to Rule 59(e) and Local Rule 6.3 is strict. The moving party must establish: (1) that the court overlooked controlling decisions or data; (2) that there has been a change in controlling law; (3) that new evidence has become available; or (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is not an opportunity for a party to advance new facts, issues, or arguments not previously presented to the court, or to obtain a rehearing on the merits with regard to issues already decided. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court. *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.

3

Supp. 2d 365, 368 (S.D.N.Y. 1999).

*Dorchester Fin. Secs v. Banco BRJ*, 2010 U.S. Dist. LEXIS 59702, 4-5 (S.D.N.Y. June 15, 2010)(KMW).

Defendant's attempt to meet this strict standard relies on a claim that there is "new" law, that a comment by counsel for plaintiff amounts to "new evidence," and that the Court "overlooked" a concession made by the Defendant about fee shifting. Each of the arguments is frivolous. The so-called "new" law does not amount to "a change in controlling law." The so-called "new" evidence is not even evidence and rests on a blatant mischaracterization of a statement made in open court, as the transcript shows. The facts that the Court allegedly "overlooked," were, we believe, not overlooked at all, and in all events was not in any respect a "controlling" fact.

  A. The Alleged "New Law" in Amex II which Merely Restates Prior Law in Amex I on which this Court Relied.

Defendant claims that the decision of the Second Circuit in *Amex II* explains the burden applicable to Sutherland, is now the governing law in the Second Circuit and warrants reconsideration of the Order…" (Defendant's Mem. at 8-9). *Amex II* is not a change of the law at all, since it merely reiterates the prior opinion of the Second Circuit in *Amex I*. As the Court's Opinion made clear, despite the fact that the Supreme Court granted *certiorari* in *Amex I*, and then vacated and remanded that decision, *Amex I* continued to be the law of the circuit. (Opinion at 5-7). As a result, it is frivolous for Defendant to suggest that the law of the Circuit has recently changed thereby justifying reconsideration.

4

That is particularly true of the two aspects of *Amex II* on which Defendant relies. First, Defendant claims that Sutherland's "proof of damages" was inadequate. However the Court judged Sutherland's and Defendant's proof on a summary judgment standard. Opinion at 3. The Court expressly rejected Defendant's previously expressed argument, the one it impermissibly repeats here, that Sutherland's claim in her complaint that she "often worked 45 to 50 hours in one week" meant that the estimate of $1,867.02 could not form the basis of a "prohibitive cost" defense. *Compare* Defendant's Mem. at 9, *with* Opinion at 7, n. 4. Further, the Opinion makes clear that the amount of any possible difference in Sutherland's overtime claim, less than $7,500,[1] is insignificant in comparison to the uncontested $200,000 arbitration expense. *See*, Opinion at 8, n. 6 (reducing expenses by $12,350 "hardly enough to allow Sutherland to bring her claims on an individual basis").

Second, Defendant claims that under *Amex II* Plaintiff has not "adequately demonstrate her need for an expert…" Defendant's Mem. at 10. Yet Defendant made the exact same argument previously, but the Court rejected it since Sutherland provided competent evidence that an expert was needed and Defendant "offer[ed] no competent evidence in support of [its] position." Opinion at 7 and n. 5. The Court further ruled that even eliminating the cost of an expert would not change the fact that the uncontested cost of individual arbitration would still be "over $160,000 in order to recover a few thousand dollars in damages." *Id*. at 7-8 n. 5. Defendant's argument that reconsideration is warranted due to *Amex II* is merely an impermissible attempt to re-argue its previously rejected arguments.

---

[1] Defendant's argument is based on the assertion that Sutherland claimed she "often worked " 45 to 50 hours in a week, whereas the actual booked overtime only averages 42 hours per week for all weeks worked. The statements are not necessarily inconsistent. Counsel did advise the Court that additional hours might be sought, but using Defendant's logic, the total amount would certainly be less than an average of 50 hours every week for each week worked. 50 hours for every week would be a fivefold increase in the overtime sought and lead to an additional claim of $7,468.08 (($1,867.02 x 5) - $1,867.02).

5

      B.      Defendant's Impermissible and Frivolous Attempt to
              Manufacture New Evidence By Misciting the Record.

If anything, Defendant's "new evidence" argument is even more improper and frivolous. The context of the discussion in Court was whether some of Plaintiff's existing discovery would be mooted if the pending class certification motion were denied. Defendant claims that "contrary to the declarations she submitted" in opposition, where Sutherland claimed she would "drop my claims if I am compelled to proceed in arbitration," Sutherland "expressed interest in pursuing an individual action at a hearing before Magistrate Judge Dolinger ...." Defendant further asserts that Plaintiff's counsel stated he "could pursue" Ms. Sutherland's individual claim. Defendant's Mem. at 5-6.

There are many reasons why a willingness to proceed in this case in Court, at this point in time, is not at all inconsistent with a continued unwillingness to proceed in arbitration.[2] However the real problem with Defendant's position is that Defendant has taken counsel's statement out of context. There was *no expressed willingness to proceed individually* in Court, although, if the class certification motion is denied, the "theoretical possibility" of proceeding individually was discussed. Counsel *did not express any opinion* on what counsel would do in that event. More importantly, it was clear that any such "theoretical possibility" would be pursued *with an eye toward later seeking certification based on further discovery*. The full quote, makes those points clear:

> THE COURT: Let me ask you this. If the class cert
> motion were denied, notwithstanding I assume your profound
> optimism about its fate, would most or all of this discovery
> campaign be mooted?

---

[2] The uncontradicted evidence before the Court is that arbitrators are particularly unwilling to award attorney's fees. *See* Folkenflik Dec. 9/3/10 [Docket No. 34] ¶ 26. Further, at this point counsel already has made an enormous investment in this case, which may or may not be recoverable in Court in an individual proceeding, but is surely less likely to be recoverable in arbitration. *See, Id.*

6

>    MR. FOLKENFLIK: Well, there are two possibilities in that event, your Honor. Certainly we'd still have the plaintiff's claim that we could pursue. And we'd have the opportunity to file another motion for class certification if we could point out additional evidence that we thought would persuade the Court that the original ruling was incorrect.
>
>    Absent those two theoretical possibilities, yes. Some of the documents requests would be appropriate to be identified with respect to the plaintiff alone. In fact, virtually all of them. In other words, when I ask them to define primary duties of the class, obviously if it were just Ms. Sutherland, they should define the primary duty of Ms. Sutherland.

Tr. 3/4/11 at 59:8 to 59:24.

There is not now, and was not on the prior motion, any evidence that Plaintiff's counsel or any attorney would proceed in an *individual arbitration*.

    C.    There is No Reason to Believe the Court Adopted an Erroneous View of "Fee Shifting" or Overlooked Defendant's Concession on Attorney's Fees, and It Is Clear Those Issues Were Not Controlling On The Court's Prior Decision.

Defendant's final arguments are that the Court overlooked facts or adopted "incorrect" facts. This argument too is frivolous. EY argues that the Court committed clear error "to the extent that the Court adopted Sutherland's mischaracterization of the agreement regarding fee shifting" in Plaintiff's Sur-Reply brief. This argument is frivolous because it is clear that the Court did not do so. The Court did not in any respect rely at all on the "risk" of Sutherland being saddled with any of Defendant's attorney's fees, arbitration fees or costs. Defendant does not cite any portion of the Court's opinion to support its frivolous claim that the Court did.[3]

---

[3] There was a portion of Plaintiff's Sur-Reply which could have been read to argue that attorney's fees could have been shifted. Defendant wrote to the Court to complain about that passage on September 28, 2010. [Docket No. 43] Plaintiff's Counsel wrote to the Court on September 28 to clarify that he did not intend to suggest that. [Docket No. 44]. The letter from Plaintiff's Counsel states:

> My interpretation of the interaction of the contractual terms and the rules remains, as stated at pages 10-11 of Plaintiff's Memorandum in Opposition:

7

Defendant also argues that the Court overlooked its "stipulation" that the arbitrator could shift Plaintiff's attorney's fees to Defendant in the event that Plaintiff prevailed. Given the wording of Defendant's "stipulation" and its insistence that the stipulation merely re-affirmed the intent of the arbitration agreement, which the Court interpreted as giving the arbitrator discretion over whether to award fees at all (*see*, Opinion at 10), it is far from clear to Plaintiff that Defendant stipulated that it was *mandatory* for an arbitrator to provide award of attorney's fees to the prevailing party. Defendant certainly did not use that term in its stipulation.

Yet assuming it is clear that an award of "reasonable attorney's fees" is mandatory under Defendant's stipulation, and even presuming that the Court did overlook that "stipulation,"[4] it is clear that the stipulation alone is not a "controlling" fact as reconsideration law requires. The Opinion is clear that Court's conclusion would not have been altered by the "stipulated" change.

---

        "The result of the provisions of the EY Arbitration Agreement, and relevant rules (to the extent not overridden by the terms of the EY Arbitration Agreement) is that the arbitrator has no authority to shift the parties' attorney-related costs or expert witness fees, the arbitrator has full authority to deny fee shifting of the employee's attorney's fees. A JAMS Arbitrator (but not an AAA Arbitrator) may require the employee to pay arbitrator fees and costs, and the arbitrator under either set of rules may well find that the employee expressly waived her right to attorney fee shifting which is mandatory in court under the FLSA."

        I apologize if my reference in the Sur-Reply Memorandum was not sufficiently clear.

Folkenflik to Court, 9/16/10, at 1. [docket No. 44]

    The fee-shifting argument relied on an extended analysis of the Arbitration Agreement and the relevant arbitration association rules. Plaintiff continues to believe that analysis is correct. The Opinion, however, did not rely on this "fee shifting" argument at all.

[4] *Arrigo v. Blue Fish Commodities*, 2011 U.S. App. LEXIS 2446 (2d Cir. N.Y. Feb. 7, 2011)does not require a Court to credit any late made "stipulations" belatedly changing the terms of an arbitration agreement in a last ditch effort to avoid unenforceability. *Arrigo* merely provides that if the court does rule based on any such representation, that would be a valid basis for judicial estoppel. *Id.* at *6, n. There are valid public policy grounds not to allow a Defendant to re-write its agreement on an *ad hoc* basis. Employees and their attorneys will evaluate whether it is worthwhile to bring arbitrations based on the agreements as they are written. Arbitration agreements can and do impermissibly chill the exercise of statutory rights based on the written terms, both before and after any "stipulation" changing those terms as to one individual out of the thousands of persons effected by those agreements.

8

It is frivolous to argue to the contrary.

The Court's opinion makes clear that the Court was influenced, and took into account, as the Second Circuit decisions provide, the risk of loss of the full arbitration cost if Plaintiff did not prevail. Opinion at 5. The Court also was influenced by the fact that the arbitrator had complete discretion over the amount of any reimbursement. (Opinion at 10). The evidence before the Court was that arbitrators generally are reluctant to make substantial fee-shifting awards. There are no facts in the record to support a finding that an arbitrator would award legal fees and expenses of 100 times the amount of actual damages. The record evidence is clearly to the contrary.

But these "facts" are merely intermediate details. The ultimate questions are two. First, whether Sutherland could, or should be expected to, fund a $200,000 litigation in the hope of receiving $1,867.02. The undisputed evidence proved that she could not and only "lunatic or a fanatic" would. Second, whether any attorney could be found who would be willing to take such a gamble (presumably one of the "lunatic or a fanatic" persuasion). The evidence submitted proved none could be found and EY submitted no evidence that one could be found. EY cannot make up for its evidentiary failure on this ultimate fact by nit-picking about non-determinative factual details.

## CONCLUSION

Defendant brought a motion to compel arbitration, as was its right. It lost. It now had a limited right to seek reconsideration under Rule 6.3, provided that it met the required standards. As this Court previously ruled, "[a] motion for reconsideration is not an opportunity for a party to advance new facts, issues, or arguments not previously presented to the court, or to obtain a rehearing on the merits with regard to issues already decided." *Dorchester Fin. Secs v. Banco BRJ*, 2010 U.S. Dist. LEXIS 59702, 4-5 (S.D.N.Y. June 15, 2010)(KMW). Defendant clearly did exactly what it should not have done. Its attempts to clothe its arguments with claims that that the Court overlooked controlling decisions or data; or that there has been a change in controlling law; or that new evidence has become available; or that reconsideration is necessary to correct a clear error or prevent manifest injustice. Those assertions are simply frivolous. The original motion was decided on evidence, and Defendant essentially submitted none. Its motion for reconsideration should be denied.

Dated: April 14, 2011
      New York, New York

                                       Respectfully submitted,

                                       FOLKENFLIK & McGERITY

                                       Max Folkenflik (MF-2915)
                                       1500 Broadway, 21st Floor
                                       New York, New York  10036
                                       (212) 757-0400
                                       *Attorneys for Plaintiff, Stephanie Sutherland*