A K I N   G U M P
S T R A U S S   H A U E R   &   F E L D LLP
━━━━━━━━━ Attorneys at Law



| USDS SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 5/13/11 |

**DANIEL L. NASH**
202.887.4067/fax: 202.887.4288
dnash@akingump.com

April 28, 2011

**VIA HAND DELIVERY**

Honorable Kimba M. Wood
United States District Judge
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, NY 10007

# MEMO ENDORSED

Re:   *Sutherland v. Ernst & Young LLP* (Case No. 10-CV-3332 (KMW)(MHD))

Dear Honorable Judge Wood:

Ernst & Young respectfully directs the Court's attention to *AT&T Mobility LLC v. Concepcion*, 563 U.S. __ (2011), decided on April 27, 2011, which further justifies reconsideration of the March 3, 2011 order denying Ernst & Young's motion to dismiss, or in the alternative, stay proceedings and compel arbitration (the "Order").

In the Order, this Court held that an otherwise valid arbitration agreement is unenforceable because "it would be prohibitively expensive for [Sutherland] to pursue her statutory claims on an individual basis." Order at 4. Thus, the Court declined to enforce Sutherland's agreement because it found that class litigation is the only way Sutherland can enforce her rights. *Id.*

The Supreme Court rejected this argument in *AT&T*. The Court noted the dissent's argument, like Sutherland's, that "class proceedings are necessary to prosecute small-dollar claims that might otherwise slip through the legal system." *AT&T*, 563 U.S. at __ (slip. op. at 17); *see also id.* at __ (slip. op. at 9) (Breyer, J., dissenting) (citing *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) for the proposition that "only a lunatic or fanatic sues for $30," and asking, "What rational lawyer would have signed on to represent the Concepcions in litigation for the possibility of fees stemming from a $30.22 claim?") The Court rejected this argument because "States cannot require a procedure that is inconsistent with the [Federal Arbitration Act], even if it is desirable for unrelated reasons." *Id.* The state law at issue resulted in arbitration agreements being held unenforceable where the claims involved predictably small amounts of damages and class arbitration was prohibited. *Id.* (slip. op. at 6). The Supreme Court found that this rule had the effect of "disfavor[ing] arbitration," because it effectively required

One Bryant Park / New York, NY 10036 / 212.872.1000 / fax: 212.872.1002 / www.akingump.com

A K I N   G U M P
S T R A U S S   H A U E R   &   F E L D ᴸᴸᴾ
━━━━━━━ ■ Attorneys at Law

*class* arbitration, which is fundamentally inconsistent with the FAA. *See id.* (slip. op. at 7, 9).
Because the state rule discouraged arbitration, it was preempted by the FAA, regardless of
whether class actions may be necessary to protect "small-dollar claims that otherwise slip
through the legal system."

The Order, like the rule at issue in *AT&T*, disfavors arbitration because it effectively
requires that Ernst & Young submit to class arbitration—which is inconsistent with the FAA—or
no arbitration at all. This result cannot be reconciled with the FAA, as interpreted by the
Supreme Court. Under *AT&T*, the claim that class actions may be necessary to protect "small-
dollar claims that otherwise slip through the legal system" is irrelevant. Moreover, as explained
in the reconsideration motion, Sutherland's purportedly "small-dollar" claim was grossly—and
intentionally—under-valued, and its value greatly exceeds the amount at issue in *AT&T*.

Ernst & Young respectfully <u>requests an opportunity to further brief *AT&T* in connection</u>
with its reconsideration motion or, absent additional briefing, that the Court consider *AT&T*
when deciding the pending motion.

*Request granted.*

Respectfully submitted,

Daniel L. Nash/ɛᴅ

Daniel L. Nash
Gregory W. Knopp

Enclosure

cc:   Magistrate Judge Dolinger *(via hand delivery w/enclosure)*
      Max Folkenflik, Esq. *(via e-mail w/o enclosure)*

E&Y may submit its brief by no later than May 27, 2011. Plaintiff may submit her response by no later
than June 10, 2011. E&Y may file a reply by no later than June 17, 2011.

The initial brief and the response shall be no longer than 15 pages, double-spaced, with 12-point font.
The reply brief shall be no longer than 10 pages, double-spaced, with 12-point font.

SO ORDERED: 5/13/11

KIMBA M. WOOD
U. S. D. J.