

# Akin Gump
### Strauss Hauer & Feld LLP

**DANIEL L. NASH**
202.887.4067/fax: 202.887.4288
dnash@akingump.com

January 15, 2013

**VIA E-MAIL**

The Honorable Katherine B. Forrest
United States District Judge
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, NY 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 2 2 2013

Re: *Sutherland v. Ernst & Young LLP*, Case No. 10-CV-3332 (KBF)

Dear Judge Forrest:

Ernst & Young submits this letter on behalf of both parties to respond to the questions raised in the Court's January 8, 2013 order.

On June 15, 2012, the Second Circuit granted a temporary stay of all district court proceedings pending determination of the motion by a panel of three judges. The temporary stay is still in place. The parties understand that the panel who decides the stay motion will be the panel who hears oral argument on Ernst & Young's appeal. Ernst & Young's appeal is fully briefed, and the parties are awaiting a date for oral argument. However, it is unlikely that Ernst & Young's appeal will be heard before the Supreme Court decides *In re Am. Express Merchants' Litig.*, No. 12-133. Defendants have agreed to toll the FLSA statute of limitations pending the appeal.

Should the Second Circuit deny Ernst & Young's appeal, the following matters will be pending before the Court:

- Plaintiff's motion to certify a class under Rule 23 and conditionally certify a collective class of plaintiffs under the Fair Labor Standards Act (the "Certification Motion").[1] Given the time that has passed since the motion was briefed, the

---

[1] Plaintiff's Certification Motion and supporting documents were not docketed due to an outstanding dispute regarding the sealing of documents; however, copies were provided to the Court. *See* [Docket Nos. 45, 47, 62, 63, 64, 65, 66, 67, 71, 72, 76].

103874926 v5



Hon. Katherine B. Forrest
Page 2
January 15, 2013

- parties have requested additional briefing to address intervening case law since the motion was submitted. Magistrate Judge Dolinger had granted additional briefing, but that briefing did not occur because of the temporary appellate stay.
- In connection with the certification motion, Ernst & Young filed evidentiary objections to the Expert Report of Dr. Douglas Carmichael. [Docket No. 63]. Plaintiff responded to the objections by letter dated February 1, 2011. [Docket No. 72].
- Outstanding discovery disputes, including plaintiff's motion to compel further responses to interrogatories. It is plaintiff's position that there is a pending motion to compel Ernst & Young's responses to plaintiff's requests for production. Ernst & Young's position is that there is no pending motion to compel document requests, but that the parties were meeting and conferring regarding the requests at the time the proceedings were stayed.[2]

If a collective or class action is certified, the parties expect to conduct additional discovery related to the collective or class action and defendants anticipate filing a motion for summary judgment at the close of discovery. Plaintiff plans to file a motion or motions for summary judgment with respect to defendant's affirmative defenses. It is anticipated that there will be additional motion practice related to discovery.

Finally, the following are pending cases in the U.S. Supreme Court and Courts of Appeal that may have some bearing on the outcome of the appeal in the Second Circuit:

- *In re Am. Express Merchants' Litig.*, No. 12-133 (S. Ct.)(whether a class action arbitration waiver clause is enforceable where plaintiffs show that costs of individual arbitration are prohibitive and thus prevent vindication of statutory rights).
- *Parisi v. Goldman, Sachs & Co.*, No. 11-5229 (2d Cir.)(whether the right to bring a pattern and practice claim under Title VII is a substantive right that cannot be vindicated absent an ability to arbitrate on a class basis or bring a class action).
- *Raniere v. Citigroup Inc.*, No. 11-5213 (2d Cir.)(whether the FLSA guarantees the right to a collective action and thereby invalidates a class action waiver).

---

[2] Because of defendant's motion to compel arbitration, only limited discovery has occurred in this case. However, the discovery in certain parallel litigation in the District Court for the Northern District of California, where several lawsuits were consolidated under the caption *Ho v. Ernst & Young LLP*, 05-cv-04867 RMW (HRL), has been made available in this case.

103874926 v5



Hon. Katherine B. Forrest
Page 3
January 15, 2013

- *D.R. Horton Inc. and Michael Cuda*, No. 12-60031 (5th Cir.)(appeal of a decision by the NLRB finding that class action waivers as a condition of employment violate the National Labor Relations Act).
- *Kilgore v. KeyBank Nat'l Ass'n*, Nos. 09–16703, 10–15934 (9th Cir.)(*en banc* reconsideration of ruling that FAA preempts state law rule prohibiting the arbitration of claims for broad, public injunctive relief).
- *Sonic-Calabasas A, Inc. v. Moreno*, No. S174475 (Cal. S. Ct.)(whether mandatory employment arbitration agreement can be enforced prior to conclusion of administrative proceeding, and whether jurisdiction of administrative body over wage claim is divested under the FAA).
- *Iskanian v. CLS Transporation of Los Angeles LLC*, No. S204032 (Cal. S. Ct.) (whether *Concepcion* impliedly overruled *Gentry v. Superior Court*, 42 Cal.4th 443 (2007) with respect to contractual class action waivers).
- *Franco v. Arakelian Enterprises, Inc.*, No. S207760 (Cal. S. Ct.)(whether class action waiver can be enforced if it prevents the vindication of state statutory rights).

Please let us know should the Court require additional detail or information.

Respectfully submitted,

/s/ Daniel L. Nash

Daniel L. Nash
Gregory W. Knopp

cc: Max Folkenflik, Esq. (*via e-mail*)

*Order*
The clerk shall post this letter to the docket.

Jan. 18, 2013

_____
HON. KATHERINE B. FORREST
UNITED STATES DISTRICT JUDGE

103874926 v5